MRS. ANNIE MAY PRATT AND JOHN H. PRATT, HER HUS-
   BAND, *Appellants,* v. JESSE V. CARNS, JOHN N. CARNS
   AND WILLIAM H. O. CARNS, *Appellees.*

Opinion Filed July 10, 1920.

1. A party seeking to have a deed declared to be void and de-
   livered up to be cancelled on the ground of undue influence
   exerted over the mind of the grantor must plead the facts
   constituting such undue influence, the rule of pleading in
   such cases being the same as in cases of fraud.

2. The term "undue influence" is not regarded as being sus-
   ceptible of precise definition, but in order to render a deed
   void the undue influence relied upon must be of such a
   character as to overcome the will, deprive the grantor of
   free agency, and substitute the will of another for that of
   the grantor.

3. Where a bill contains allegations that deeds of conveyance
   were made without consideration, that the grantor and gran-
   tee were parent and child, and that undue influence was
   exerted over the grantor in the execution of the deeds, such

allegations of ultimate facts or conclusions not being negatived by other specific facts alleged, a demurrer thereto may be properly overruled since, on the admission of the demurrer, it does not appear as a matter of law that undue influence was not used, and under such allegations a case entitling the complainant to relief may be made by appropriate and sufficient proof showing that in effect the grantee's will was substituted for that of the grantor in the execution of the deeds.

4.  Delivery of a deed is essential to the passing of the title to the property intended to be conveyed to the grantee.

5.  The placing of a deed in the hands of a third person for future delivery to the grantee may constitute a delivery, but to accomplish this purpose it must be made to appear that in placing the deed in the hands of such third person the grantor intended to, and, in fact, did relinquish and surrender all dominion and control over such deed.

6.  Though the allegations of a bill of complaint be abstract and general and largely in the nature of asserted conclusions, yet if under the allegations a case entitling the complainant to relief as prayed, can be made by appropriate and sufficient evidence, a general demurrer to the bill of complaint should be overruled.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order affirmed in part; reversed in part.

*Fred B. Noble* and *J. A. Yates,* for Appellants;

*John L. Doggett* and *Henry C. Clark,* for Appellees.

WEST, J.—By this suit appellees seek to have certain deeds declared to be void and of no effect and delivered up to be cancelled.

The grounds of the alleged invalidity of such deeds are the undue influence of the grantee charged to have been exerted over the mind of the grantor at the time of their execution, and as to one of the deeds it is alleged that no delivery thereof was ever made to the grantee. The grantee is the daughter of the grantor and after his death this suit was brought by the complainants, who are sons and heirs of the grantor, against the grantee, her husband and two other persons who are alleged to be tenants occupying and claiming some interest in the two pieces of property covered by such deeds respectively.

There was a general demurrer to the bill and special demurrers were interposed to the fifth and seventh, ninth and tenth and eleventh paragraphs. There was an order sustaining the demurrer as to the eleventh paragraph and overruling it as to the remainder of the bill. Both complainants and defendants entered an appeal from such order to this court. The grounds of the demurrer to the fifth and seventh paragraphs are, in substance, (1) that no facts are shown which exhibited any undue influence by the grantee over the mind of the grantor; (2) that it does not appear that said grantor was deprived of his free agency; (3) nor that the execution of the deeds described therein was against his wish or desire; (4) nor that the will of the said grantee was substituted for the will of the grantor. The grounds of the demurrer to the ninth and tenth paragraphs are the same as the grounds of the demurerr to the fifth and seventh paragraphs. The grounds of the demurrer to the eleventh paragraph are, in substance, (1) that it appears that the deeds described therein were delivered to a third person without any reservation on the part of the said grantor to retain control of such deeds; (2) that it does not appear how the said deeds were subject to the direction

and control of the said grantor; (3) that it does not appear that a good and valid delivery of the said deeds was made to the grantee.

There is a prayer that the deeds described be declared to be void and of no effect and delivered up to be cancelled, for an injunction against any incumbrance or sale of the property, a receiver to take charge of such property, an accounting and for general relief.

The allegations of undue influence are contained in the fifth and seventh and ninth and tenth paragraphs of the bill. These paragraphs are as follows:

"5. That said John N. Carns, Sr., was naturally a kind, comforting, thoughtful and affectionate husband and father; that he continued to be such kind, comforting, thoughtful and affectionate husband and father up to a period some eight years prior to his death, when the defendant, Mrs. Annie May Pratt, who was then unmarried and known as Annie May Carns, succeeded in instilling counter influences in the life and mind of her said father by falsely persuading her father that his wife, the mother of the said defendant, Mrs. Annie May Pratt, and of your orators, was of unsound mind and was unreasonable and over-exacting in asking for care, comfort and support, and that your orators, the brothers of said defendant, Mrs. Annie May Pratt, were not worthy of the confidences of, or even of association with, or of communication to or from their said father, and your orators further show unto your Honor that said defendant Mrs. Annie May Pratt continuously endeavored, by such false persuasions and representations aforesaid, to influence her said father and the father of your orators against his wife and sons, and that said defendant, Mrs. Annie May Pratt, continuously endeavored to assume

control of her said father and of his affairs, with the purpose and intention of securing for herself so much of the property belonging to her said mother and her said father as possible, that by the means and methods aforesaid said defendant, Mrs. Annie May Pratt, succeeded in turning her father's mind against his wife and sons, and succeeded in gaining great and undue influence over her said father, and, by such false persuasions and representations as aforesaid, totally changed her said father from a kind, comforting, thoughtful and affectionate husband and father, to a disagreeable, morose, miserly, selfish husband, and succeeded in destroying all confidence, association and communication of her father in and with your orators, that, having gained such undue influence over her said father aforesaid, and having turned her said father against his wife, and against your orators, said defendant, Mrs. Annie May Pratt, further exerted her said undue influence over her father by persuading him to execute to herself the said paper, writing or purported deed above referred to, copy of which is hereto attached and marked 'Exhibit A,' and said defendant, Mrs. Annie May Pratt, and her said father, did exercise such persuasion and undue influence over the wife of the father of said defendant, that his wife was thereby compelled to join in the execution of said deed."

"7.  That by reason of the fact that said purported deed, copy of which is hereto attached, marked 'Exhibit A,' was obtained by undue influence as aforesaid, the same is null and void, and of no effect, and these complainants are entitled to reecive and have the same set aside, delivered up and cancelled."

"9.  That said last mentioned deed, copy of which is hereto attached and marked 'Exhibit B,' was executed

by the said John N. Carns, Sr., under and by reason of the continued false persuasions and representations made by the said defendant, Mrs. Annie May Pratt, to her father, as set out more fully in paragraph 5 of this bill of complaint; that there was no consideration passing from the defendant to the said John N. Carns, Sr., for the execution of said purported deed, copy of which is hereto attached and marked 'Exhibit B,' and that whatever consideration appears in said purported deed was merely nominal, and that there was no consideration for its execution."

"10. That, by reason of the fact that said deed, copy of which is hereto attached, marked 'Exhibit B,' was obtained by undue influence, as aforesaid, the same is null and void and of no effeffct, and these complainants are entitled to receive and have the same set aside, delivered up and cancelled."

It is well settled that when a party seeks to have a deed declared to be void and delivered up to be cancelled on the ground of undue influence exerted over the mind of the grantor he must plead the facts constituting such undue influence, the rule of pleading in such cases being the same as in cases of fraud. 31 Cyc. 55; Jackson et al v. Rowell et al, 87 Ala. 685, 6 South Rep. 951; Barksdale et al v. Davis et al, 114 Ala. 623, 22 South. Rep. 17; Ellis et al v. Crawson, 147 Ala. 294, 41 South. Rep. 942; Frick v. Kabaker, 116 Ia. 494, 90 N. W. Rep. 498; Kelley et al v. Perrault et al, 5 Idaho 221, 48 Pac. Rep. 45; Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950.

The term "undue influence" is not regarded as being susceptible of precise definition, but the authorities uniformly hold that undue influence, in order to render a deed void, must be of such a character as to overcome

the will, deprive the grantor of free agency and substitute the will of another for that of the grantor. Conley v. Nailor, 118 U. S. 127; McCall v. McCall, 135 U. S. 167; Delaplain v. Grubb, 44 W. Va. 612, 30 S. E. Rep. 201; Mallow v. Walker, 115 Ia. 238, 88 N. W. Rep. 452; Shea v. Murphy, 164 Ill. 614, 45 N. E. Rep. 1021; Adair et al v. Craig et al, 135 Ala, 332, 33 South. Rep. 902.

It may be that the facts constituting the alleged undue influence could be more fully set out, yet, in view of the allegations that the deeds of conveyance were made without consideration, that the grantor and grantee were parent and child, and that undue influence was exerted over the grantor in the execution of the deeds, such statements of ultimate facts or of conclusions not being negatived by the specific facts and circumstances alleged, the demurrer to the paragraphs now under consideration was properly overruled, since on the admissions of the demurrer it does not appear as matter of law that undue influence was not used and under the allegations a case entitling the complainant to relief may be made by appropriate and sufficient evidence showing that in effect the grantee's will was substituted for that of the grantor in the execution of the deeds. Phifer v. Abbott, 73 Fla. 402, 74 South. Rep. 488; Johns v. Bowden, 68 Fla. 32, 66 South. Rep. 155.

Paragraph eleven of the bill is as follows: "And your orators further show unto your Honor that said purported deed, copy of which is hereto attached and marked 'Exhibit B,' was never delivered by the grantor therein to the said defendant, Mrs. Annie May Pratt, but your orators show that, on the contrary, said John N. Carns, Sr., the grantor in said deed and the father of said defendant, instead of delivering said deed to said

defendant, handed the same, in a sealed envelope to one George A. Kirk, Jr., assistant cashier of The Barnett National Bank, of the City of Jacksonville, Duval County, Florida, with the request that, if anything should happen to said John N. Carns, Sr., said George A. Kirk would hand said envelope to the defendant, Mrs. Annie May Pratt; that at the time said John N. Carns, Sr., handed said sealed envelope to said George A. Kirk, Jr., said John N. Carns, Sr., did not tell said George A. Kirk, Jr., what said sealed envelope contained; that said George A. Kirk, Jr., did not know what said sealed envelope contained until after the death of said John N. Carns, Sr.; that at all times while said sealed envelope containing said deed was in the possession of said George A. Kirk, Jr., it was subject to the direction and control of said John N. Carns, and there was nothing whatsoever that would have in any way prevented said John N. Carns, Sr., from requesting and requiring said George A. Kirk, Jr., to re-deliver said sealed envelope, with its contents, to said John N. Carns, Sr., nor had said John N. Carns, Sr., the father of your orators and of said defendant, Mrs. Annie May Pratt, deposited said sealed envelope containing said deed irrevocably with said George A. Kirk, Jr.; that after the death of said John N. Carns, Sr., said George A. Kirk, Jr., handed said sealed envelope containing said deed to the defendant, Mrs. Annie May Pratt, whereupon Mrs. Annie May Pratt, on the 3rd day of July, 1917, placed the same upon the public records of Duval County, Florida, as hereinbefore set out."

Delivery of a deed is essential to the passing of the title to the property intended to be conveyed to the grantee. The placing of the deed in the hands of a third person for future delivery to the grantee may constitute

a delivery, but to accomplish this purpose it must be made to appear that in placing the deed in the hands of such third person the grantor intended to, and in fact did, relinquish and surrender all dominion and control over such deed. Porter v. Woodhouse, 59 Conn. 568, 22 Atl. 299; Johnson et al v. Johnson, 24 R. I. 571, 54 Atl. 378; Barrows et al v. Barrows, 138 Ill. 649, 28 N. E. Rep. 983; Abbe v. Justus, 60 Mo. App. 300; Baker v. Haskell, 47 N. H. 479, 93 Am. Dec. 455.

In Johns v. Bowden, *supra,* this court said: "Though the allegations of a bill of complaint be abstract and general and largely in the nature of asserted conclusions, yet if under the allegations a case entitling the complainant to relief as prayed can be made by appropriate and sufficient evidence, a general demurrer to the bill of complaint should be overruled."

In view of the allegations in this paragraph that the deed referred to was, while in the possession of the third person, "subject to the direction and control" of the grantor, taken together with other allegations, we think the paragraph, under the admissions of the demurrer, should be held good.

The order appealed from, in so far as it sustained the demurrer to the eleventh paragraph of the bill, is reversed, otherwise, it is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.