DOROTHY ADAMS, ROBERT T. ADAMS, IN HIS OWN RIGHT, AND ROBERT T. ADAMS, AS GUARDIAN FOR DOROTHY ADAMS, A MINOR AND APAHA HOTEL COMPANY, A CORPORATION, *Appellants*, v. WILLIE ADAMS STRINGFELLOW, AND HER HUSBAND T. B. STRINGFELLOW, *Appellees*.

Division B.

Opinion Filed February 23, 1926.

Petition for Rehearing denied March 24, 1926.

*H. M. Hampton* and *Martin & Hocker,* for Plaintiff in Error;

*Thomas W. Fielding* and *W. S. Broome,* for Defendant in Error.

BUFORD, J.—The appellees filed a bill of complaint in the Circuit Court of Marion County against the appellants who were the defendants in the court below seeking to cancel and to have declared void a certain deed made by Dorthy C. Edwards, on the 12th day of March, 1919, to Dorthy Adams, a minor conveying certain valuable property located in the City of Ocala, Florida; to have the deed declared null and void and praying partition of the property described in the deed referred to.

The allegations of the bill upon which the complainants based their claim and relief are as follows:

"111.

"For many years prior to to-wit, January 19th, 1919, the said Dorthy C. Edwards had made her permanent

home, residence and place of abode in Gainesville, Florida, with her only daughter, the complainant Willie Adams Stringfellow, and her husband, T. B. Stringfellow. A few days prior to said January 19th, 1919, to-wit, on the 15th day of January, 1919, Fred Stringfellow, the oldest son of Willie Adams Stringfellow and T. B. Stringfellow, died and his said parents were greatly stricken and grieved and were suffering great mental anguish on said 19th of January, 1919. And on or about said January 19th, 1919, the said R. T. Adams, the only son of Dorthy C. Edwards and the only brother of Willie Adams Stringfellow, and one Mary Boyd, the sister of said Dorthy C. Edwards, who then was visiting with and living in the family of said R. T. Adams, represented to Willie Adams Stringfellow that, because of her great mental suffering, grief, and stricken condition, brought about because of the death of her oldest son as aforesaid, it would be better for her to be relieved, for a time, of the care of her said mother, the said Dorthy C. Edwards, and the said R. T. Adams stated that he would take his said mother, the said Dorthy C. Edwards, to visit with and stay with him in his home in Ocala, Florida, for a brief period of time. And so, on or about said January 19th, 1919, the said Dorthy C. Edwards left her home in Gainesville, Florida, where she was living, and had for years lived, with her daughter, the said Willie Adams Stringfellow and her husband T. B. Stringfellow, and went to the home of R. T. Adams, her only son, in Ocala, Florida, and complainants understood and believed that she, the said Dorthy Edwards, had gone to the home of said R. T. Adams only for a brief visit and temporary stay.

IV.

Complainants showeth that for several years prior to March 12th, 1919, the said Dorthy C. Edwards had been

ill, and she was a constant sufferer from nervous and
mental diseases and disorders; and had been under treat-
ment for such nervous and mental diseases and disorders
for a long time prior to March 12th, 1919, and she had for
several years, to-wit, for more than two years, been in a hos-
pital in Richmond, Va, where she was treated for nervous
and mental diseases and disorders. As time passed the condi-
tion of the said Dorthy C. Edwards grew worse, and for
many years prior to said March 12th, 1919, her mind kept
growing more weak, in so much so that on that said date,
March 12th, 1919, her mind had become so impaired that she
was easily influenced and guided, and almost at will influ-
enced and guided by any member of her family with whom
she was closely associated, and she was then hardly capable
of exercising independant will or judgment. She was an
affectionate mother, and had much confidence in her chil-
dren, and she was greatly influenced by and almost en-
tirely guided by her children, and especially her son, the
said R. T. Adams. And on the said 12th day of March,
1919, the said Dorthy C. Edwards was in the home of her
only son, the said R. T. Adams in Ocala, Florida, and there
also then was her sister, the said Mary Boyd, visiting with
and living in the family of said R. T. Adams, in Ocala,
Florida; and the said Dorthy C. Edwards, then was, on
March 12th, 1919, closely associated with her said son, the
said R. T. Adams, and his family and the said Mary Boyd,
the sister of Dorthy C. Edwards, and she was living in the
home of the said R. T. Adams on said date, and the said
R. T. Adams and his family and the said Mary Boyd were
the associates and constant companions of said Dorthy C.
Edwards on March 12th, 1919. And on said day and for
many days prior to March 12th, 1919, the said Dorthy C.
Edwards was under the controlling influence of her said
son, the said R. T. Adams, and of his family, including

said Mary Boyd, the sister of Dorthy C. Edwards. And the said Dorthy C. Edwards was about the age of to-wit, sixty-five years, on said March 12th, 1919, and her mental infirmities had so progressed and her mind was so weak and unsound at that date that she was in subjection to influence of, the mind and the will of the said R. T. Adams, and of his family, including the said Mary Boyd, the sister of said Dorthy C. Edwards.

## V.

That the said Dorthy C. Edwards went to the home of her son, the said R. T. Adams, on to-wit, January 19th, 1919, and she had been there in the home of the said R. T. Adams for a period of less than sixty days on the 12th of March, 1919. And on the said 12th day of March, 1919, the said Dorthy C. Edwards, while living in the home of her son, the said R. T. Adams, and his family, as before stated in this bill, and while under the influence and control of and in subjection to the influence of, mind and will of said R. T. Adams and his family, as aforesaid, by her pretended deed of that date, to-wit, March 12th, 1919, pretended to convey to Dorthy Adams, 'a minor of the age of ten years, being the daughter of Robert T. Adams and wife,' all of the land that is described in the second paragraph in this bill, and all the personal property, fixtures, etc., that are mentioned in the said pretended deed, a certified copy of which pretended deed is attached to this bill and is made a part hereof and is marked Exhibit A. And by that said pretended deed the said Dorthy C. Edwards pretended to reserve to her self a life estate in said property therein described. By that said pretended deed the said Dorthy C. Edwards divested herself of practically all the estate and property that she then owned, which

estate and property was then and now is of the value of to-wit, One Hundred Thousand Dollars.

## VI.

That the said pretended deed that is mentioned in the fifth paragraph in this bill was made wholly without consideration, other than that of the alleged 'Natural love and affection which the party of the first part bears to the party of the second part, who is her grand-daughter'; and complainants aver that such expressed consideration was not correct, and was not the moving cause for the execution of the said pretended deed, but that the said pretended deed was not in truth and in fact the deed of the said Dorthy C. Edwards. And complainants show that the said pretended deed was and is no deed, and it did not convey the title of the said Dorthy C. Edwards to the said minor child of R. T. Adams, the said Dorthy Adams, and that said deed in a nullity and is void, because that alleged deed was obtained from said Dorthy C. Edwards by improper influence, unlawful influences and undue influences that were exerted upon the weak, impaired, diseased and unsound mind of the said Dorthy C. Edwards by her son, the said R. T. Adams, and by his family as aforesaid, and including the said Mary Boyd, the sister of the said Dorthy C. Edwards.

## VII.

On to-wit, the 9th day of October, 1920, the said Dorthy C. Edwards, who pretended to have reserved to herself a life estate in the land and property mentioned in the fifth paragraph in this bill, and R. T. Adams as guardian for Dorthy Adams, a minor, pretended to lease and let to Apaha Hotel Company, a corporation, of Ocala, Florida,

the land and property mentioned in the fifth paragraph in this bill for a term of ninety-nine years, upon the considerations, stipulations, terms, rents, considerations, etc., that are set out in said lease, a certified copy of which is attached to and made part of this bill and marked Exhibit B. The said Dorthy C. Edwards has died since the execution of the said lease, and therefore, her said alleged life estate has expired; and the said Dorthy Adams was not the owner of said property, and, consequently, the said R. T. Adams as guardian for said Dorthy Adams had no right or authority to execute the said lease.''

General demurrer was interposed to test the sufficiency of the allegations of the bill in the following language to-wit:

''Come now Robert T. Adams and Apaha Hotel Company, a corporation, and jointly and severally say that the complainants' bill is bad in substance, and jointly and severally demur to same.

H. M. HAMPTON,

MARTIN & HOCKER,

Solicitors for said defendants Robert T. Adams and Apaha Hotel Company.

For grounds of demurrer and substantial matters of law intended to be argued, these defendants jointly and severally show:

'1st. The bill states no equity.'

'2nd. The bill does not allege any facts which would indicate that either the deed from Dorthy C. Edwards to Dorthy Adams, or the lease to the Apaha Hotel Company was not executed by said Dorthy C. Edwards while in full possession of her mental faculties, and of her own free will and accord.'

'3rd. No illegal influence on the said Dorthy C. Edwards is alleged.'

'4th. No facts are pleaded which show that the said Dorthy C. Edwards was subject to the domination of the will of any other person.'

'5th. No facts are pleaded which show that the said Dorthy C. Edwards was influenced to execute the said deed to Dorthy Adams by reason of any illegal, improper, or fraudulent acts of the defendants or either of them.''

'6th. The bill does not specifically state that the said Dorthy C. Edwards at the time of the execution of the said deed to Dorthy Adams was non compos mentis; but the allegations of said bill show the contrary.'

'7th. The said bill does not specifically state what unlawful influence and what undue influence were exercised on the mind of the said Dorthy C. Edwards to induce her to execute the said deed.'

'8th. No facts are alleged which show that the grantor in said deed was deprived of her free agency, or that the will of another was substituted for hers in the execution of the deed.'

'9th. The influence referred to in the bill will be presumed to have been gained by kindness and affection, and will not be regarded as undue, in the absence of an allegation of the practice of imposition or fraud.

'10th. Complainants do not excuse laches in the bringing of this suit.' ''

The demurrer was signed, certified to and sworn to as is required.

It is contended that the acts and facts constituting the "improper influence, unlawful influence and undue influence that were exerted upon the weak, impaired, diseased and unsound mind of the said Dorthy C. Edwards," complained of are not set out in the bill of complaint with such definiteness or particularity as to entitle the complainants to equitable relief.

It may be that the bill of complaint could be justly criti-
cized because of the too general character of its allegations
and because the acts complained of are stated largely in
the nature of asserted conclusions. By the general de-
murrer defendants admit all the material allegations of
the bill which are properly pleaded. One of the allega-
tions of the bill is, ''That the said pretended deed was not
in truth and in fact the deed of said Dorthy C. Edwards,''
also ''said deed is a nullity and is void, because that alleged
deed was obtained from the said Dorthy C. Edwards by
improper influences, unlawful influences and undue influ-
ences that were exerted upon the weak, impaired, diseased
and unsound mind of the said Dorthy C. Edwards by her
son, the said R. T. Adams, and by his family aforesaid,
including the said Mary Boyd, the sister of the said Dorthy
C. Edwards.''

In the case of Phifer v. Abbott, 73 Fla. 402, 74 So. 488,
this Court speaking through Mr. JUSTICE SHACKEL-
FORD says in quoting from Johns v. Bowden, 68 Fla. 32,
66 So. 155. ''Though the allegations of a bill of complaint
be abstract and general and largely in the nature of as-
serted conclusions, yet if under the allegations a case entitl-
ing the complainant to relief as prayed can be made by ap-
propriate and sufficient evidence, a general demurrer to the
bill of complaint should be overruled.''

In the case of Pratt et al. v. Carns et al., 80 Fla. 243, 85
So. 681, in the opinion delivered by Mr. JUSTICE WEST
the Court says:

''It may be that the facts constituting the alleged undue
influence could be more fully set out, yet in view of the
allegations that the deeds of conveyance were made with-
out consideration, that the grantor and grantee were
parent and child, and that undue influence was exerted
over the grantor in the execution of the deeds, such state-

ments of ultimate facts or conclusions not being negatived by the specific facts and circumstances alleged, the demurrer to the paragraphs now under consideration was properly overruled, since on the admissions of the demurrer it does not appear as matter of law that undue influence was not used and under the allegations a case entitling the complainant to relief may be made by appropriate and sufficient evidence showing that in effect the grantee's will was substituted for that of the grantor in the execution of the deeds.'' This language is entirely applicable to the case now under consideration.

It therefore appears to us that the order of the Chancellor overruling the demurrer interposed should be, and the same is hereby affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS, J., concur in the opinion.