500 So.2d 188 (1986)
Burris D. COLEY, Jr., and Nancy Duncan, Appellants,
v.
ESTATE OF Edward Mason ODOM, Deceased, Appellee.
Ronald BARROW, etc., Appellants,
v.
Jeffrey D. ODOM, et al., Appellees.
Nos. BI-154, BJ-158.
District Court of Appeal of Florida, First District.
September 15, 1986.
Rehearing Denied October 15, 1986.
*189 Barry M. Salzman of Chambers & Salzman, P.A., St. Petersburg, for appellants.
J. Nixon Daniel, III, of Beggs & Lane, Pensacola, for appellees.
SMITH, Judge.
Appellants have consolidated their appeals. Burris Coley, Jr., and Nancy Odom, parents of decedent Lori Barrow, appeal the dismissal of probate claims against the estate of Edward Odom. Ronald Barrow, as personal representative of Lori Barrow's estate, appeals the dismissal of a wrongful death action against Jeffrey Odom, the personal representative of Edward Odom's estate. These actions were dismissed due to appellants' failure to file claims against Odom's estate within the time prescribed by section 733.702, Florida Statutes (1985). Appellants assert the due process requirements of the Fourteenth Amendment, United States Constitution, are violated by application of the statute to bar their claims. We affirm.
On June 21, 1983, a twin-engine airplane crashed near Atmore, Alabama, en route from Pensacola, Florida, to St. Louis, Missouri. All on board were killed, including passenger Lori Barrow and the plane's owner and operator, Edward Odom. A petition for the administration of Odom's estate was filed on June 28, 1983, and Letters of Administration were issued on August 26, 1983. Notice to creditors of Odom's estate was published first on September 2, 1983. Under section 733.702(1)(a), Florida Statutes (1985), creditors of Odom's estate had a period of three months or until December 2, 1983, to file claims.
One year and five months later, however, on May 17 and 22, 1985, the parents of Lori Barrow filed individual claims against Odom's estate. And, on June 13, 1985, one and one-half years after expiration of the statutory period, Ronald Barrow filed a wrongful death action against the administrator of Odom's estate, and others. Although the record demonstrates that at least as of November 7, 1983, counsel for appellants had known of the pending administration of Odom's estate, it does not appear whether he had actual notice regarding the expiration of the nonclaim period.
Appellants assert that section 733.702, Florida Statutes, the basis for the dismissals below, falls within the purview of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), requiring a trustee seeking judicial settlement of its account to provide better-than-publication notice to known trust beneficiaries. Florida appellate courts apparently have not dealt with this precise issue. Our research indicates that Mullane has been applied most notably in cases where the state proposes to take judicial action which would deprive one of a property right. See, e.g., Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (tax sale of mortgaged property); Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) (condemnation proceeding); Walker v. Hutchinson City, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956) (hearing to establish amount of compensation for condemnation of land). In cases involving statutes limiting the time for filing claims against an estate, however, numerous courts have determined the scope of Mullane adverse to appellants. See, e.g., Estate of Busch v. Ferrell-Duncan Clinic, 700 S.W.2d 86 (Mo. En Banc 1985) (due process requirements of Mullane not applicable to statute of limitations governing *190 filing of probate claims); In Re Estate of Fessler, 100 Wis.2d 437, 302 N.W.2d 414 (1981) (same); Gano Farms, Inc. v. Estate of Kleweno, 2 Kan. App. 2d 506, 582 P.2d 742 (1978) (same). As stated in Estate of Busch, supra (commenting on cases applying the Mullane doctrine):
These cases make it clear that when the rights or interests of a person are sought to be affected by judicial or quasi-judicial decree, due process requires that the person be given notice reasonably calculated to inform that person of the pending proceeding and an opportunity to appear and object. However, we do not believe this doctrine requiring more notice than that afforded by publication should be applied to notice under nonclaim statutes. The function served by notice is different, as is the nature of the right being affected. In Mullane, and the cases following it, the person to be notified was, in effect, made an actual party to the litigation by the notice, and the judgment of the court operated directly on that person's property. Notice under a nonclaim statute does not make a creditor a party to the proceeding: it merely notifies him that he may become one if he wishes.
700 S.W.2d at 88. We agree with the analysis in Estate of Busch and other decisions cited, and hold that Mullane does not apply to Florida's statute setting the time limit for filing claims against an estate. That the Busch opinion (above quoted) refers to the statute in that case as a "non-claim" statute, is irrelevant. The opinion reveals that the court also uses the term "statute of limitations" in referring to the statute, while the court's opinion in Gano Farms, supra, uses the term "special statute of limitations." Moreover, Estate of Fessler, supra, specifically found the statute in that case to be a statute of limitations.
We have not overlooked the Florida Supreme Court's recent decision in Barnett Bank of Palm Beach County v. Estate of Leon Henry Read, Jr., Deceased, 493 So.2d 447 (Fla. 1986), holding that section 733.702 is a statute of limitations, not a jurisdictional statute of nonclaim, and that valid grounds might exist (such as estoppel or fraud) that would excuse untimely claims. That case did not involve the adequacy of the notice provisions of the statute, as does the case before us; and this case does not involve estoppel, fraud, or other circumstances which would excuse the untimely claims. The failure to have an administrator for Barrow's estate appointed so as to be able to file suit until after expiration of the statutory period (appointment had been approved by the court, but an order was not entered until three days after expiration of the statutory period) was due entirely to action or inaction on the part of the appellants. The delay was in no way attributable to any act or conduct by representatives of the Odom estate.
Accordingly, appellants are barred from asserting claims against Odom's estate. See, Gates Learjet Corp. v. Moyer, 459 So.2d 1082 (Fla. 4th DCA 1984), rev. den., sub nom Bass Aviation, Inc. v. Moyer, 471 So.2d 43 (Fla. 1985); Pierce v. American Bank & Trust Co., 433 So.2d 655 (Fla. 1st DCA 1983). Therefore, we find that the dismissals below were proper.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.