502 So.2d 463 (1987)
Helene A. STEIGMAN, Formerly Known As Helene D. McCall, and Elizabeth D. Droze, Appellants,
v.
Doris B. DANESE, Florida National Bank, As Personal Representative of the Estate of Bernard L. Danese, John B. Danese, III, Dorothy Mathias, and Barbara Danese, Appellees.
No. BJ-95.
District Court of Appeal of Florida, First District.
January 13, 1987.
Rehearing Denied March 9, 1987.
*464 John P. Cattano, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellants.
Dana G. Bradford II, of Gallagher, Baumer, Mikals, Bradford, Cannon & Walters, P.A., Jacksonville, for appellees.
JOANOS, Judge.
Appellants Helene A. Steigman and Elizabeth B. Droze seek review of a summary final order which dismissed their fourth amended complaint with prejudice. Appellants contend the dismissal was improper if predicated on any of the following grounds: (1) the sufficiency of the allegations of the complaint, (2) the failure to comply with the provisions of sections 733.702 and 733.703, Florida Statutes, and (3) the statute of limitations or the doctrine of laches. We affirm in part and reverse in part.
*465 Appellants' brother, Bernard L. Danese, died on February 18, 1984. On November 19, 1984, the first notice of administration of the Danese estate was published. On December 21, 1984, appellants filed their initial complaint and notice of lis pendens. Shortly thereafter, appellants filed an amended complaint to include exhibits omitted from the original complaint due to clerical error. On January 17, 1985, a second amended complaint was filed to include Barbara Danese as a party.
The second amended complaint contained four counts: Count I was an action for cancellation of deeds, Count II was an action for resulting trusts, Count III was an action for constructive trusts, and Count IV was an action for damages. Each count was based on the allegation that in 1968 Bernard L. Danese wrongfully procured quitclaim deeds to real property from his sisters, appellants herein.
Defendants filed a motion to dismiss alleging the complaint failed to plead ultimate facts, the complaint was barred by the applicable statute of limitations and the doctrine of laches, and failure to comply with the Florida non-claim statute. Appellants filed a memorandum of law opposing the motion. After a hearing, the second amended complaint was dismissed and appellants were given fifteen days to file a third amended complaint. The order provided no reasons for dismissal.
A third amended complaint was filed, providing greater detail concerning the confidential and fiduciary relationship between Bernard L. Danese and his sisters. Upon motion to dismiss and a hearing thereon, the third amended complaint was dismissed. Appellants were allowed twenty days to file another complaint, but the order of dismissal was silent with regard to reasons therefor.
Appellants filed their fourth amended complaint. Again, appellees filed a motion to dismiss, and appellants filed memorandum of law opposing the motion. After a hearing, the trial court entered an order dismissing the fourth amended complaint with prejudice. Again the order was silent as to reasons for the dismissal.
Because of the silence of the trial court's order with respect to the grounds for dismissal, this court has been required to attempt to determine those grounds in order to effect meaningful appellate review. In addition, this omission has required counsel for both parties to argue each conceivable ground which may have been the basis for the dismissal with prejudice. While a trial court is not always required to state its reasoning in an order, it makes the appellate process more effective when it does.
Appellants' first argument is addressed to the sufficiency of the allegations of the complaint. A claim for relief "must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." Fla.R.Civ.P. 1.110(b)(2); Trawick, Fla.Prac. and Proc. s. 6-5 (1985). Each element essential to recovery for the particular cause of action must be alleged. Foley v. Hialeah Race Course, Inc., 53 So.2d 771 (Fla. 1951). And while it is not sufficient to allege conclusions alone, "conclusions are not objectionable if they are supported by sufficient allegations of ultimate facts." Trawick, Fla.Prac. and Proc. s. 6-6 (1985). The purpose of a motion to dismiss is to test the legal sufficiency of the pleading. The motion admits all well pleaded allegations to which it is directed, and asserts that the pleading does not state a cause of action on the grounds specified. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956). If the motion is directed to the pleading as a whole and any count or alternative cause of action alleged is sufficient, then the motion should be denied. Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982); Trawick, Fla.Prac, and Proc., s. 10-4 (1985).
Count I of the complaint in this case is an action for cancellation of a deed. In Harrell v. Branson, 344 So.2d 604 (Fla. 1st DCA), cert. denied, 353 So.2d 675 (Fla. 1977), this court held that entitlement to rescission or cancellation of a deed will lie when the deed has been obtained (1) *466 through misrepresentation upon which the grantor relied, (2) inadequate consideration, and (3) an abuse of a confidential or fiduciary relationship. The court said "[i]t is not necessary that a direct statement be made to the representee in order to give rise to the right to rely upon the statement, for it is immaterial whether it passes through a direct or circuitous channel in reaching him, provided it be made with the intent that it shall reach him and be acted on by the injured party." 344 So.2d at 606.
The term "confidential relationship" encompasses "virtually all relationships of trust and dependence," and "courts have been especially quick to find a confidential relationship where ... [as in the instant case] the grantor and grantee are related by blood and the grantor has become dependent on the grantee." Thomas for Fennell v. Lampkin, 470 So.2d 37, 39, f.n. 2 (Fla. 5th DCA 1985).
Thus, a presumption of undue influence will arise when the evidence establishes: (1) the existence of a confidential relationship between the grantor and the beneficiary, and (2) that the beneficiary actively procured the deed. Jordan v. Noll, 423 So.2d 368, 369 (Fla. 1st DCA 1982), pet. for rev. denied, 430 So.2d 451 (Fla. 1983). Once the presumption of undue influence arises, the beneficiary has "the burden of giving a reasonable explanation for the active role in the affairs of the grantor." 423 So.2d at 369. See also Thomas for Fennell v. Lampkin, 470 So.2d at 39, where the court said: "It is a well-established proposition in Florida that a deed may be set aside because of undue influence exercised on the grantor by the grantee." Accord Adams v. Stringfellow, 91 Fla. 305, 107 So. 633 (Fla. 1926); Pratt v. Carns, 80 Fla. 243, 85 So. 681 (Fla. 1920).
In the instant case, Count I of the complaint alleges: (1) a confidential relationship arising out of both the blood relationship between the grantors and their brother Bernard L. Danese, as well as their dependence upon him as the dominant family figure; (2) reliance upon the representations of their brother that the subject property would always belong to them and would be reconveyed to them at a later date, and (3) a lack of consideration. In addition, the complaint alleges specific incidences of the dominance and control exerted by Danese over his sisters. Another significant factor is the inference that the sisters would not have quitclaimed their respective interests in their deceased parents' property absent reasonable assurances that their interests would be protected.
For the most part, the conclusions expressed in Count I are supported by allegations of fact. However, there are no allegations of ultimate facts to support the allegation of paragraph 19 that the sisters "received no consideration for the purported conveyance" of their interests in the real property. Also, the recitals of the attached exhibits to the effect that consideration of $1.00 had been paid, could be viewed as inconsistent with the allegation of "no consideration." Despite this minimal suggestion of inconsistency, Count I alleges the requisite elements established by case law from this court and other district courts of appeal, which if proved, would entitle the sisters to rescission or cancellation of the quitclaim deed.
Count II of the complaint is an action for acknowledgment and establishment of resulting trusts. In Wadlington v. Edwards, 92 So.2d 629, 631 (Fla. 1957), the court explained the nature of the implied trust termed "resulting trust" thusly:
A resulting trust is simply a status that automatically arises by operation of law out of certain circumstances... . In the creation of a resulting trust it is essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of intent. The typical illustration is where one man furnishes the money to buy a parcel of land in the name of another with both parties intending at the time that the legal title is held by the named grantee for the benefit of the unnamed beneficiary.
*467 And in Steinhardt v. Steinhardt, 445 So.2d 352, 357-358 (Fla. 3d DCA); pet. for rev. denied, 456 So.2d 1181 (Fla. 1984), the court stated that 
A resulting trust ... arises in three situations, (1) where an express trust fails in whole or in part, (2) where an express trust is fully performed without exhausting the trust estate, and (3) where a person furnishes money to purchase property in the name of another, with both parties intending at the time that the legal title be held by the named grantee for the benefit of the unnamed purchaser of the property.
See also Lowell and Grimsley, Florida Law of Trusts, s. 14-2 (3rd ed. 1984): "The inference raised from lack of consideration in a conveyance continues today as one of the several bases for declaring that a resulting trust exists."
Count II of the complaint incorporates the allegations of Count I, and further alleges that at the time of the "purported conveyances" Bernard L. Danese represented to his sisters that legal title would be held by the three brothers for the benefit of the sisters, and then reconveyed to them at a later time. This count also alleges, at paragraph 25, that Bernard Danese assured his sisters that he had the same understanding of the conveyances as did the sisters. Paragraph 26 alleges the sisters' intent "to create a trust relationship with their brothers regarding legal title of the subject real property," and paragraph 27 alleges Bernard Danese died on February 18, 1984, without arranging a reconveyance of the real property and without a will which would facilitate such reconveyances. This count, however, contains no recitations of ultimate fact to indicate that Bernard Danese intended to hold legal title to the real property for the benefit of his sisters. Thus, we conclude the allegations of Count II are insufficient to state a cause of action for resulting trust.
Count III of the complaint is an action for establishment of constructive trusts. A constructive trust is an implied trust having wide application, because based upon principles of fairness. Lowell and Grimsley, Florida Law of Trusts, s. 14-1 (3rd ed. 1984). The essential elements of a constructive trust are: (1) a confidential relationship, by which (2) one acquires an advantage which he should not, in equity and good conscience, retain. Lowell and Grimsley, citing Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (1927). See also Mayer v. Cianciolo, 463 So.2d 1219, 1222 (Fla. 3rd DCA 1985), where the court held a constructive trust may arise even in the absence of fraud, where there is (1) a confidential relation, (2) a transaction induced by the relation, and (3) a breach of the confidence reposed. The court went on to state:
Thus, where one person having legal and equitable title in property transfers it to another with whom he has a confidential relationship to hold for a particular purpose, a constructive trust arises in favor of the promisee which may be enforced where the promisor acts in a fashion so as to harm the beneficiary's interest. 463 So.2d at 1222.
In footnote 1 the court observed that "confidential relations" is a broad concept which "extends to every possible case in which a fiduciary relation exists as a fact, though it may be a moral, social, domestic, or merely personal relationship." (citations omitted).
In Circle Finance Company v. Peacock, 399 So.2d 81, 85 (Fla. 1st DCA), pet. for rev. denied, 411 So.2d 380 (Fla. 1981); this court noted the vehicle of constructive trust "is particularly applicable in those situations where, although the property was not originally fraudulently acquired, it is against equity that the property should be retained by the person holding it." A constructive trust contains no element of agreement or intent to create a trust relationship. Rather, "[t]he trust is `constructed' by equity to prevent an unjust enrichment of one person at the expense of another as the result of fraud, undue influence, abuse of confidence or mistake in the transaction that originates the problem." Wadlington v. Edwards, 92 So.2d at 631. *468 See also Steinhardt v. Steinhardt, 445 So.2d at 356.
As does Count II, Count III of the complaint incorporates the allegations of Count I. In addition, Count III includes allegations that Bernard L. Danese obtained the conveyances through exertion of undue influence and abuse of the confidential relationship with his sisters. Also, this count alleges an antagonistic relationship ensued between Bernard Danese and his sisters which rendered Danese and his brothers trustees for the sisters' future benefit. Appellees maintain there is a fatal inconsistency in the counts of the complaint. Although the allegation concerning an antagonistic relationship could be construed as inconsistent with the allegations of a confidential relationship, we consider that, though inartfully phrased, this allegation is a permissible conclusion, because based on sufficient allegations of ultimate fact rather than on an inconsistency which would render the count a nullity.
Count IV of the complaint is an action for damages, which appears to be predicated on an allegation of constructive fraud. A cause of action for fraud must allege: (1) a representation by the defendant designed to prompt action by the plaintiff, (2) falsity of the representation and the defendant's knowledge of the falsity, and (3) the plaintiff's reliance on the representation to his detriment. Arnold v. Weck, 388 So.2d 269, 270 (Fla. 4th DCA 1980), pet. for rev. denied, 399 So.2d 1140 (Fla. 1981). "Constructive fraud arises when a confidential or fiduciary relationship has been used to take advantage of the party seeking affirmative relief." Trawick, Fla.Prac. and Proc., s. 6-19 (1985). When fraud is relied upon, "the allegations relating thereto should be specific and the facts constituting the fraud clearly stated." Kutner v. Kalish, 173 So.2d 763, 764 (Fla. 3rd DCA), cert. denied, 183 So.2d 210 (Fla. 1965). See also Fla.R.Civ.P. 1.120(b), which requires that the circumstances constituting fraud "shall be stated with such particularity as the circumstances may permit."
Count IV of the complaint incorporates the allegations of Count I, and further alleges misrepresentation, detrimental reliance, abuse of confidential relationship, unjust enrichment resulting from fraud, undue influence, abuse of confidence, and breach of fiduciary duty. In addition, Count IV alleges the sisters were not aware of the misrepresentation, fraud, and breach of fiduciary duty until after Bernard's death, at which point it became known that he had made no provision to secure or reconvey the sisters' interest in the real property.
The Count IV allegations are not models of specificity. Nevertheless, the factual account set forth in detail in Count I taken together with the allegation that the sisters did not realize, until Bernard's death, that he had made no provision to reconvey their interest in the real property, satisfies the requirement of Florida Rule of Civil Procedure 1.120(b), and sets forth the essential legal elements for constructive fraud.
In summary, we conclude that Count I states a cause of action for cancellation of deed, Count II lacks supporting factual allegations regarding the intent of Bernard L. Danese to state a cause of action for "resulting trusts," Count III states a cause of action for constructive trust, and Count IV states a cause of action for constructive fraud.
Appellants' second argument is addressed to their purported failure to comply with the provisions of sections 733.702 and 733.703, Florida Statutes. Section 733.702 provides in relevant part:
733.702 Limitations on presentation of claims. 
(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not *469 limited to, an action founded on fraud or other wrongful act or omission of the decedent, shall be binding on the estate, on the personal representative, or on any beneficiary unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, ...
Section 733.703 provides:
733.703 Form and manner of presenting claim.  A creditor shall file with the clerk a written statement of the claim, indicating its basis, the name and address of the creditor or his agent or attorney, and the amount claimed. The claim is presented when filed. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, or the due date of a claim not yet due does not invalidate the presentation made. A creditor shall deliver a copy of the claim to the clerk who shall serve the copy on the personal representative, in the manner provided for service of informal notice under s. 731.301(2)(a), and note the fact on the original.
In Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla. 1986), the supreme court held that section 733.702 is a statute of limitations. And, while recognizing the strong public policy favoring speedy settlement and closing of estates, the court also observed that 
justice requires us to hold that section 733.702 is a statute of limitations. Valid grounds, such as estoppel or fraud, may exist that would and should excuse untimely claims. A creditor would lose the right to assert these potentially valid claims were we to hold that section 733.702 is a statute of nonclaim. Our holding that section 733.702 is a statute of limitations confirms the fact that estates and creditors must adhere to well-established practices when dealing with untimely claims. The estate must file a motion to strike or other objection to an untimely claim. If the creditor wishes to raise the issue of estoppel or fraud he may file a reply pursuant to Florida Rule of Civil Procedure 1.100. (citation omitted). This procedure guarantees that claims such as fraud and estoppel are properly adjudicated. 493 So.2d at 449. (emphasis supplied)
In Notar v. State Farm Mutual Automobile Insurance Company, 438 So.2d 531, 533 (Fla. 2d DCA 1983), the court held that Notar's motion for substitution of parties and appointment of personal representative could be considered a presentation of her claim. Similarly, in Koschmeder v. Griffin, 386 So.2d 625 (Fla. 4th DCA 1980), the inference arises that filing a civil action within the statutory period prescribed by section 733.702 satisfied the filing requirements of section 733.703.[1]
As a collateral argument, appellants urge the "trust exception" is applicable with regard to Counts II and III. The rationale for the "trust exception" is that the subject property does not become a part of the estate because it was held in trust by the decedent at the time of his death. Hodges v. Logan, 82 So.2d 885 (Fla. 1955); In Re Estate of Kulow, 439 So.2d 280 (Fla. 2d DCA 1983); In Re Estate of Peterson, 433 So.2d 1358 (Fla. 4th DCA 1983); Fisher v. Creamer, 332 So.2d 50 (Fla. 3d DCA), cert. dismissed, 336 So.2d 600 (Fla. 1976).
With regard to limitations applicable to actions for constructive and resulting trusts, the supreme court has held that (1) the limitations period will not begin to run *470 against the rights of a beneficiary of a resulting or express trust until the trustee moves to set up an antagonistic interest, and (2) "the claims of a beneficiary of a constructive trust are subject to the application of the doctrine of laches which may be based on the provisions in statutes of limitations relating to actions at law of like character." The court went on to note that:
This statement of the proposition recognizes that technically in the absence of a statutory provision, equity is not bound absolutely to apply a statute of limitations but in following the law, absent the presence of intervening equities to the contrary, a court of equity will base its application of the doctrine of laches on the provisions of the appropriate statute of limitations.
Wadlington v. Edwards, 92 So.2d 629, 632 (Fla. 1957). See also Fisher v. Creamer, where the court said on petition for rehearing, "the failure to assert one's rights in circumstances where a relation of constructive trusteeship has arisen will not bar a suit if the action is brought as soon as the occasion arises for the assertion of his rights by the beneficiary." 332 So.2d at 52.
In this case, the first Notice of Administration was published on November 19, 1984, and this suit was filed December 21, 1984. Service of process was effected upon all parties interested in the estate within the 3-month statutory period. Thus, for purposes of the time constraints of sections 733.702, appellants' complaint was timely filed.
Appellants' final argument is directed to the applicability of the statute of limitations and the doctrine of laches as a possible ground for dismissal of the complaint. Appellants take the position that the 20-year limitation period set forth in section 95.231(2), Florida Statutes,[2] is applicable to Counts I, II, and III of the complaint. We cannot agree. Although the first three counts of the complaint relate to an interest in real property, we conclude that all four counts of the complaint are predicated primarily upon allegations of fraud. Therefore, the applicable limitations provisions are section 95.11(6), Florida Statutes, which states that 
Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his rights and whether the person sought to be held liable is injured or prejudiced by the delay. This subsection shall not affect application of laches at an earlier time in accordance with law.
and section 95.11(3)(j), Florida Statutes, which provides that legal or equitable actions founded on fraud or deceit must be commenced within four years of discovery of the facts constituting the fraud. See First Federal Savings & Loan Association of Wisconsin v. Dade Federal Savings & Loan Association, 403 So.2d 1097 (Fla. 5th DCA 1981).
Although Counts I, II, and III are equitable actions for cancellation of deeds, and resulting and constructive trusts upon real property, the claims are founded upon misrepresentation and fraud. Thus, these counts, with Count IV, are controlled by the section 95.11(3)(j) 4-year limitations period. The period would not run, however, until discovery of the facts constituting fraud, which in this case allegedly occurred when Bernard Danese died. According to the allegations of the complaint, appellants did not become aware that their brother had made no provision to secure their rights to the subject real property until after his death.
We hold that dismissal of the complaint was proper with respect to the heirs of Francis T. Danese and John B. Danese, and affirm the order of dismissal in this regard. *471 We reverse, however, with respect to the estate of Bernard L. Danese, because we find the allegations of Counts I, III, and IV of the fourth amended complaint sufficiently state a cause of action. We do not reach the question of the affirmative defenses which may be available, since the posture of this case does not bring that issue before us. We observe, however, that it is improper to raise affirmative defenses in a motion to dismiss, just as it is improper to anticipate the outcome with respect to a plaintiff's ability to prove the allegations of a complaint. This case should have proceeded through the filing of an answer with affirmative defenses, followed by a motion for summary judgment, rather than the time-consuming process of amended pleadings.
Therefore, the order of dismissal is affirmed with respect to the heirs of Francis and John Danese, reversed with respect to the estate of Bernard L. Danese, and the cause is remanded for proceedings consistent with this opinion.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] A recent case from this court addressed the adequacy of the notice provisions of the statute, but as a collateral matter the court implicitly found that individual claims filed against an estate and a wrongful death action filed against the administrator of an estate would be presentment within contemplation of the statute. Coley v. Estate of Odom, 500 So.2d 188 (Fla. 1st DCA 1986). (In Coley the respective claims were time barred because filed seventeen and eighteen months after expiration of the statutory period.) Coley is presently pending consideration by the Florida Supreme Court, Case No. 69,169.
[2] s. 95.231(2), Fla. Stat. (1983), provides:

(2) After 20 years from the recording of a deed or the probate of a will purporting to convey real property, no person shall assert any claim to the property against the claimants under the deed or will or their successors in title.