BOOTH, Judge.
This cause is before us on appeal from an order dismissing appellant’s amended complaint as to defendants Addie Weltch Crosby and James Ellis Crosby, Jr. (the Crosbys), individually, and as personal representatives of the Estate of J. Ellis Crosby, deceased (the Estate). The points on appeal are: (1) whether the nonclaim statute, Section 733.702, Florida Statutes, bars the complaint of American Telephone and Telegraph Company (AT & T) against the Crosbys, individually and as personal representatives of the Estate; and (2) whether the complaint states a cause of action against the Estate, as former owner and lessor of the property, for injunctive relief to abate an alleged nuisance.
J. Ellis Crosby and his wife, Addie Weltch Crosby, granted AT & T a right-of-way and easement to construct, operate, maintain, replace, and remove underground communications systems under a ten-foot wide strip of their land in the City of Jacksonville on November 13, 1970. AT & T also owns and operates a microwave and cable maintenance center on the adjacent property.
On December 7, 1984, J. Ellis Crosby leased the subject property to Fraiser Tires, Inc. (Fraiser Tires), a dissolved corporation and/or to Murvin and Clara Fraiser (the Fraisers), the directors of the dissolved corporation. Mr. Crosby retained the right to terminate the lease on 90 days’ notice. Fraiser Tires and/or the Fraisers began storing used automobile tires on the property.
After J. Ellis Crosby died on August 24, 1985, title to the property vested in his estate or in Addie Weltch Crosby, the residuary devisee. Addie Weltch Crosby and James Ellis Crosby, Jr., as personal representatives of the Estate, continued to lease the land to Fraiser Tires and/or the Frais-ers with the right to terminate the lease, from August 24, 1985, to August 20, 1986. On August 20, 1986, Jacksonville Tire Disposal purchased the land and continued to lease it to them. Since 1984, Fraiser Tires and/or the Fraisers have continued to accumulate used tires on the property and have between one and two million tires piled in the open air.
On October 15, 1986, AT & T filed a complaint against the Crosbys, as personal representatives of the Estate (former owners and lessors), Jacksonville Tire Disposal (current owner and lessor), and the Frais-ers, as individuals and as trustees of Fraiser Tires (lessees). The complaint alleged that the accumulation of tires was in violation of state statutes and local ordinances prohibiting nuisances and sought injunctive relief against the defendants for abatement of the nuisance. The City of Jacksonville filed a companion case against the same defendants, which was consolidated with this action.
The trial court granted the Crosbys’ motion to dismiss, as to the personal representatives based upon the expiration of time for filing claims against the Estate. AT & T and the City of Jacksonville filed amended complaints naming the Crosbys, individually and as personal representatives of the Estate, along with the other defendants.
The amended complaint alleges that the Estate’s personal representatives controlled or managed the property from August 24, 1985 to August 20, 1986, during *407 which time they failed to terminate the lease despite the continuing and substantially increasing accumulation of tires. The amended complaint alleges that the increased accumulation of tires has resulted in substantially increased health and fire hazards.
The trial court granted the Crosbys’ motion to dismiss the amended complaints of AT & T and the City of Jacksonville on January 22, 1987, stating the following basis for granting the motion:
(a) This is an action seeking only injunc-tive relief to abate a nuisance on property owned by J. Ellis Crosby prior to his death in August 1985.
First publication of Notice of Administration of the Estate of James Ellis Crosby was made on September 5, 1985 (Case No. 85-1222-CP). Thus, the time for filing claims against the Estate expired December 6, 1985. Fla.Stat. § 733.702 (1985). Inasmuch as the cause of action clearly occurred prior to the expiration of the non-claim statute, but no claim was timely made against the Estate, either by this plaintiff or the plaintiff in the companion case, plaintiff’s cause of action against James Ellis Crosby, Jr., and Addie Weltch Crosby, individually, and as Personal Representatives of the Estate of J. Ellis Crosby, deceased, is now barred, [citations omitted]
The trial court also distinguished Seaboard System Railroad, Inc. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985), on grounds that applicable Jacksonville ordinances did not contain the same strict liability provisions as the Dade County ordinances construed in Clemente. We affirm this ruling. Prior to the complaint’s filing, appellees terminated their interest in the property. The Jacksonville code provisions do not impose strict liability on former property owners for violations occurring during their control where the former owners’ interest has since terminated.
We also agree with the trial court that the time for filing claims against the Estate expired on December 6, 1985. § 733.702(l)(a), Fla.Stat. (1985);[1] Coley v. Estate of Edward Mason Odom, 500 So.2d 188 (Fla. 1st DCA 1986), review denied, 506 So.2d 1040 (Fla.1987); Gates Learjet Corp. v. Moyer, 459 So.2d 1082 (Fla. 4th DCA 1984), review denied, sub nom Bass Aviation, Inc. v. Moyer, 471 So.2d 43 (Fla.1985).
Finally, the trial court correctly determined that no prospective relief is available against appellees. The complaint, filed October 15, 1986, seeks mandatory injunctive relief by requiring the defendants to remove the tires from the property. There is no claim for damages. The complaint alleges that from August 24, 1985 to August 20, 1986, appellees were in control of the property and that during that period the number of tires on the property increased and the nuisance continued to be maintained. However, as earlier mentioned, ap-pellees no longer owned or controlled the property when the complaint was filed. Thus, mandatory prospective relief could not, and cannot, be granted against these appellees.[2] We note that the current owner and the current lessee (who is alleged to have placed the tires on the property) are before the court, and the case for mandatory abatement is at issue as to them.
Accordingly, the judgment below is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.

. Section 733.702(l)(a), Florida Statutes, bars claims against an estate that arose before the decedent’s death and are not filed within three months from the time of the first publication of notice of administration.

. For the same reasons, Section 733.619, Florida Statutes, authorizing suits against a personal representative in his individual capacity in certain instances, does not aid appellant since the personal representative lacks the necessary possession, ownership, or control to comply with such mandatory relief as the court might order.