PER CURIAM.
Appellant, Robert Winegar (the creditor), appeals from an order barring his claim against appellee, the estate of John Cisek (the estate). We affirm.
The dispositive issue on appeal is whether the creditor’s claim is barred because it was untimely filed.
The creditor sued Cisek in New York for injuries he sustained on Cisek’s property. He then served Cisek in Florida on April 17, 1987. Cisek died twenty-one days later on May 7,1987. The creditor obtained a default judgment against Cisek in New York, and recorded it in Dade County on September 14, 1988.
Subsequently, the creditor learned of Ci-sek’s death. More than three years after Cisek’s death, the creditor filed a statement of claim in the estate. The trial court held an evidentiary hearing on the creditor’s claim.
After the hearing, the trial court denied the claim finding that the “creditor/claimant was not reasonably ascertainable, and even if the [claimant was reasonably ascertainable, said claim is barred” as untimely, pursuant to section 733.710, Florida Statutes (1989).[1]
Relying upon Tulsa Professional Collection Servs., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), the creditor contends that section 733.710 does not bar his claim because the personal representatives never gave him notice of the administration of the estate.
The estate asserts that notwithstanding the creditor’s lack of notice of the estate’s administration, the claim is barred as untimely, pursuant to section 733.710(1), Florida Statutes (1989). The estate submits that Pope is inapplicable to this provision of the Florida Probate Code and thus the estate is not liable.
We agree with the estate that the creditor’s claim is barred, but for a different reason. Because Cisek died in May of 1987, sections 733.702(1) and (2), Florida Statutes (1985), are the applicable provisions barring this claim.
Section 733.702(l)(a) states that no claim against an estate, which arose prior to the decedent’s death, is binding on the estate, or the personal representative, unless it is presented within three months from the first publication of the notice of administration. If the notice of administration has not been published, then all claims not presented within three years after the decedent’s death are barred under section 733.702(l)(b).
Furthermore, section 733.702(2), Florida Statutes (1985), provides:
No cause of action heretofore or hereafter accruing, including, but not limited to, an action founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom the claim may he made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited.
(Emphasis supplied).
Accordingly, under the statutes applicable to the facts of this case, the creditor’s claim is barred since it was not filed until more than three years after the decedent’s death. See Coley v. Estate of Odom, 500 So.2d 188, 190 (Fla. 1st DCA 1986) (probate claims against decedent’s estate filed more than one year after publication of notice to creditors were time barred even though claimants alleged the personal representative knew of *191 their claims), review denied, 506 So.2d 1040 (Fla.1987). Therefore, we affirm the trial court’s order since the result was correct, albeit for the wrong reason. In re Estate of Yohn, 238 So.2d 290 (Fla.1970); Johnson v. Davis, 449 So.2d 344 (Fla. 3d DCA 1984), approved on other grounds, 480 So.2d 625 (Fla.1985).
Affirmed.

. Section 733.710(1), Florida Statutes (1989), provides:
Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
(Emphasis supplied). This statute was amended in 1989, and effective with respect to persons dying after July 1, 1989, by Chapter 89-340, Section 9, Laws of Florida.