GRIFFIN, Chief Judge.
Appellant seeks review of an order of the circuit court, probate division, that determined the priority of a claim made against the estate of Alan Stanley Norrie [“Norrie”] and denied immediate payment of the claim. We affirm.
The record reflects that appellant was engaged in a joint venture with the decedent, Norrie, in the ownership and operation of an office building located in Brevard County. There was a written joint venture agreement and title was in Nome’s name. Appellant filed a notice of claim in the estate asserting that Norrie held fifty percent of the property for her “in trust” and that her claim was unliquidated and secured. No objection to the claim was filed. The court recognized the claim but refused to give it priority as a secured claim.
We find no error in the trial court’s ruling. Appellant’s contention that her joint venture interest gave rise to a “constructive trust” that had the status of a secured claim which required the court to declare her ownership to one-half of the property is plainly unsupported. First, a constructive trust requires a showing of fraud, undue influence, abuse of confidence or mistake, none of which applies in the case. From the limited facts available to us, this appears to be a simple joint venture relationship governed by the law of partnership. In any event, appellant’s ownership interest in the property, whether viewed under partnership law or under trust law, never became a part of the decedent’s estate and thus is not properly the subject of a “claim.” See Hodges v. Logan, 82 So.2d 885 (Fla.1955); Steigman v. Danese, 502 So.2d 463, 469 (Fla. 1st DCA 1987), review denied, 511 So.2d 998 (Fla.1987), and vacated on other grounds, 601 So.2d 570 (Fla. 1st DCA 1992). The failure of the personal representative to object to the “claim” does not give the probate court the power to adjudicate ownership in property that is not part of the probate estate. Judicial recognition of appellant’s entitlement to a one-half interest in the subject real estate had to be determined in an independent action filed in the general jurisdiction division of the circuit court. Manifestly therefore, the fact that the probate court has recognized appellant’s unsecured claim against the estate would not preclude the appellant from filing such an action to obtain an adjudication of her rights in the property.
AFFIRMED.
HARRIS and ANTOON, JJ., concur.