GARRETT, Judge.
Appellant appeals the striking of its claim against the estate.
At his death in December of 1987, Bernard H. Barnett, owed appellant $27,500, plus interest, on an unsecured promissory note. On December 28, 1987, appellee, Charles Barnett, the deceased’s son and the estate’s personal representative, wrote appellant advising of the death, requesting appellant close out bank accounts held in his father’s name, and enclosing Letters of Administration and a death certificate. On January 6,1988, appellee published a notice of administration pursuant to section 733.-212, Florida Statutes (1987). On March 3, 1988, appellee gave actual notice to appellant by mailing a copy of the notice of administration. On April 7, 1988, the probate court clerk received the statement of claim prepared and mailed by appellant on April 1, 1988. Appellee moved to strike appellant’s statement as untimely filed. Appellant appeals the granting of appel-lee’s motion.
Section 733.702(l)(a), Florida Statutes (1987) reads in relevant part:
(1) No claim or demand against the decedent’s estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative or on any beneficiary unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise.
Publication of a notice of administration will not bar the claim of a known or reasonably ascertainable estate creditor. Tulsa Professional Collection Servs. v. Pope, 485 U.S. 478,108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), held that the personal representative of an estate must give actual notice of the provisions of a nonclaim statute to known or reasonably ascertainable estate creditors in order to constitutionally bar a creditor’s claim for failure to file within the statutory period. Pope places the constitutionality of section 733.702 in doubt.
Section 731.111, Florida Statutes (1987), which was not amended after Pope, reads in relevant part:
(1) When a notice to creditors is required, a personal representative shall publish a notice once a week for 2 consecutive weeks, two publications being sufficient, in a newspaper published in the county in which the estate is administered or, if there is no newspaper published in the county, in a newspaper of general circulation in that county. Proof of publication shall be filed. The notice shall notify all persons having claims or demands against the estate to file their claims with the clerk within 3 *1168 calendar months from the time of the first publication of the notice.
To comply with Pope, the Florida Supreme Court amended Florida Rule of Probate and Guardianship Procedure 5.240. The amendment became effective in January 1989. The rule as amended reads in relevant part:
Publication and service. After issuance of letters, the personal representative shall publish a notice of administration and promptly serve a copy of the notice in the manner provided for formal notice in these rules on the surviving spouse and all beneficiaries known to the personal representative who have not been barred by law. Within 2 months after first publication of notice of administration the personal representative shall serve a copy of the notice on all persons having claims or demands against the estate whose name and location or address are known to or reasonably ascertainable by the personal representative. No such notice need be served on a creditor who has filed a claim in the proceedings or whose claim has been included in a personal representative’s proof of claim filed in the proceedings, or on a creditor whose claim has been paid.
(b) Contents. The notice shall contain the name of the decedent, the file number of the estate, the designations and address of the court, the name and address of the personal representative of his attorney, and date of first publication. The notice shall require all interested persons to file with the court, within the time provided by law:
(1) all claims against the estate.
Pope did not address whether a two month claim period was constitutionally acceptable.
Amended Rule 5.240 now gives an estate creditor at least thirty days after being served with the notice of administration to file a claim. The March 3, 1988 actual notice gave appellant thirty-four days to file its claim. We note a defendant has twenty days to file an answer after being served with original process in a civil suit. Fla.R.Civ.P. 1.140(a). We do not find thirty days to file a claim after being served with notice of publication to be unreasonable or a violation of due process.
Accordingly, we affirm the trial court’s barring of appellant’s claim as untimely filed.
DELL and GUNTHER, JJ., concur.