POLEN, Judge.
Appellants ask this court to address the question of whether the timely filing of a complaint in a civil proceeding satisfies the probate statutory requirement that claimants must file their claims in the decedent’s probate proceeding within a prescribed time frame and manner. § 733.702, Fla. Stat. (1987). The trial court, in a two-step process, concluded section 733.702 was applicable and the filing of the civil complaint did not satisfy the statutory requirement. It therefore entered summary judgment. We find the case does not come within the provisions of the nonclaim statute and reverse.
In order to expedite and facilitate the settling of estates, statutory obligations are placed on all parties to probate proceedings. See Barnett Bank v. Estate of Read, 493 So.2d 447 (Fla.1986). Section 733.702 (1987) requires that claimants, whose claims arose before the death of the decedent, file their claims within a prescribed manner (emphasis added). Here, the claim, the decedent's failure, pursuant to a divorce separation agreement made part of a court order, to make a provision for the future maintenance of his ex-wife and children via a will in which he was to devise to them a portion of his estate, necessarily did not arise until after the decedent’s death. Although not argued on appeal, because the trial court found that the statute barred the claim, we write to address the matter. We find the trial court erroneously based this finding on two older cases, Hofer v. Caldwell, 53 So.2d 872 (Fla. 1951), and Bonner v. Atlantic National Bank of Jacksonville, 18 Fla.Supp. 150 (Cir.Ct. Duval County 1961). Those opinions held probate claims filed subsequent to running of the statutory filing time limit, involving contracts entered into prior to death, were barred by section 733.16, the predecessor of section 733.702. We agree that pursuant to the statute as it existed at that time, the statute was applicable and operated to bar the claims. However, section 733.16 did not contain the present version’s wording limiting its applicability to claims arising prior to the decedent’s death and making it inapplicable in the instant case. Therefore, we reverse the summary judgment.
On remand, we suggest the trial court consider public policy to facilitate the settling of estates as well as the personal representative’s obligation to file notice with the probate proceedings of civil actions instituted by or against the personal representative. FPR 5.065. We address neither appellant’s obligation to inquire as to whether the will had been written so as to comply with the court order nor other legal arguments such as the time based defenses of laches and the statute of limitations.
GARRETT, J., and FRANK, RICHARD H., Associate Judge, concur.