589 So.2d 225 (1991)
Janet W. SPOHR, Petitioner,
v.
John C. BERRYMAN, etc., et al., Respondents.
No. 76526.
Supreme Court of Florida.
September 26, 1991.
Rehearing Denied December 11, 1991.
*226 Freeman W. Barner, Jr. of Cromwell, Pfaffenberger, Dahlmeier, Barner & Griffin, North Palm Beach, for petitioner.
Kenneth G. Spillias and Leonard J. Adler of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., West Palm Beach, for Berryman.
Carol McLean Brewer and Peter Matwiczyk of Mettler & Gilson, Palm Beach, for Spohr and Gardner.
GRIMES, Justice.
We review Spohr v. Berryman, 564 So.2d 241 (Fla. 4th DCA 1990), because of conflict with Hofer v. Caldwell, 53 So.2d 872 (Fla. 1951). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
In contemplation of the dissolution of his marriage, William E. Spohr entered into an agreement with his wife, Anna Spohr, that included a provision that he would prepare and have in his possession at all times a will in which he would bequeath and devise to his wife and children not less than one half of his estate. This agreement was incorporated into a 1954 judgment of dissolution. The following year, Mr. Spohr and Janet Spohr were married. Mr. Spohr died in 1986. Contrary to his agreement with Anna Spohr, his will left his entire estate to his surviving spouse, Janet Spohr.
The first publication of the notice of administration of Mr. Spohr's estate in Palm *227 Beach County occurred on January 9, 1987. Under section 733.702, Florida Statutes (1985), this meant that claims against the estate had to be filed by no later than April 9, 1987. Neither Anna Spohr nor Mr. Spohr's children filed a written statement of claim against the estate within that time. However, on April 7, 1987, Anna Spohr and the children filed a complaint in the Circuit Court of Palm Beach County against the personal representative, asserting a cause of action based upon the marital settlement agreement. Janet Spohr intervened as a defendant and filed a motion for summary judgment. The trial court held that the timely filing of the lawsuit did not satisfy the requirements of section 733.702 for filing a claim against the estate and therefore entered summary judgment for the defendants.
The Fourth District Court of Appeal reversed the summary judgment. The court reasoned that section 733.702 was only applicable to claims which arose before the death of the decedent and that Mr. Spohr's failure to devise at least half of his estate to his ex-wife and his children did not occur until after his death. Therefore, it was unnecessary for the court to decide whether the filing of the lawsuit met the requirements of filing a claim against the estate.
Section 733.702, Florida Statutes (1985), reads in pertinent part:
(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise... .
... .
(2) No cause of action heretofore or hereafter accruing, including, but not limited to, an action founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom the claim may be made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited.
While known as a statute of nonclaim, it is nevertheless a statute of limitations. Barnett Bank v. Estate of Read, 493 So.2d 447 (Fla. 1986).
In Hofer v. Caldwell, this Court held that in order to seek specific performance of a decedent's oral agreement to execute a reciprocal will, it was necessary to file a claim against the estate under section 733.16, Florida Statutes (1945), the predecessor of the current nonclaim statute. The court below distinguished Hofer by pointing out that section 733.16 did not contain the present language that refers to claims "that arose before the death of the decedent." § 733.702(1), Fla. Stat. (1985). We acknowledge the change of statutory language, but we do not believe that it affects the validity of the Hofer decision.
While the claim of Anna Spohr and the children did not come to fruition until the contents of Mr. Spohr's will were ascertained following his death, the claim, itself, was based upon an agreement which was made many years before his death. Claims against an estate are not limited to obligations of the decedent that could have been enforced against him while living. Claims are defined as "liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses." § 731.201(4), Fla. Stat. (1985). The nonclaim statute, section 733.702, includes claims "whether due or not, direct or contingent, or liquidated or unliquidated." A contingent claim is "one where the liability depends on some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability." *228 Van Sciver v. Miami Beach First Nat'l Bank, 88 So.2d 912, 914 (Fla. 1956). The claim against Spohr's estate was a contingent claim.
We believe that the reference in the statute to claims arising before the death of the decedent is intended to make clear that it is unnecessary to file a statement of claim in order to prosecute an action against the estate that is predicated upon events that take place after the decedent's death. See, e.g., In re Estate of Kulow, 439 So.2d 280 (Fla. 2d DCA 1983) (claim for money mistakenly paid to personal representative after the decedent's death). Our interpretation is consistent with the public policy of providing for the speedy settlement of estates. See In re Estate of Brown, 117 So.2d 478 (Fla. 1960). If claims based upon agreements to make a will are not required to be filed in three months, a lawsuit could be filed at any time until three years[1] after the decedent's death, see section 733.710, Florida Statutes (1985), and the payment of claims and the distribution to the beneficiaries could be substantially delayed or disrupted.
Because of our holding that the filing of a claim was required, we must also address the question of whether the filing of the lawsuit within the nonclaim period constituted compliance with section 733.702. We conclude that it did not. Under earlier versions of the Florida Probate Code, then known as Florida probate law, it is clear that the mere filing of an action against the personal representative was not sufficient compliance with the requirement to file a statement of claim under the nonclaim statute. Jones v. Allen, 134 Fla. 751, 184 So. 651 (1938); A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157 (1931). In 1945 the legislature amended the Florida probate law to permit the filing of a lawsuit against a decedent's personal representative to act as a substitute for filing a claim in the appropriate probate court, provided that both the filing of the suit and the service of process on the personal representative were accomplished within the nonclaim period. Ch. 22783, Laws of Fla. (1945); § 733.16(1)(a), Fla. Stat. (1949). While this provision remained in effect until 1974, it was eliminated in the adoption of the new Florida Probate Code. See ch. 74-106, Laws of Fla. The omission of words in an amending statute suggests that the legislature intended that the statute have a different meaning from that previously accorded. Capella v. City of Gainesville, 377 So.2d 658 (Fla. 1979).
Further evidence of legislative intent is found in the fact that the Uniform Probate Code contains an explicit provision under which the filing of a lawsuit against the personal representative is deemed the equivalent of the filing of a claim in the probate court. Unif. Probate Code § 3-804(2), 8 U.L.A. 361 (1990). While the Florida Probate Code incorporated many aspects of the Uniform Probate Code, this provision was noticeably omitted.
The strongest authority for permitting the institution of a lawsuit to take the place of the filing of a statement of claim is Steigman v. Danese, 502 So.2d 463 (Fla. 1st DCA), review denied, 511 So.2d 998 (1987). In that case the court held that the requirements of section 733.702 had been sufficiently met when the suit was filed and all interested parties had been served within the three-month statutory period.[2] Professor David T. Smith, author of the Florida Probate Code Manual, disapproves of Steigman by explaining:

*229 Likewise, a claim must be filed when the action is brought against the estate within three months after the publication of the notice of administration and personal jurisdiction over the personal representative is acquired. This legal principle seems to have been disregarded by the court in Steigman v. Danese, 502 So.2d 463 (Fla. 1st DCA 1987). In this case the court suggests that the filing of a civil action within the statutory period permitted by F.S. 733.702 satisfies the filing requirement of F.S. 733.703. To the extent that the court's language relates to an action for monetary damages this author submits that the court's approach is incorrect. Filing a court action as an alternative to, or as the equivalent of, the filing of a claim in the probate court was permitted under prior law, specifically former F.S. 733.16(1). It is not now allowed. See F.S. 733.702(2). F.S. 733.703 relates to the form and manner of representing the claim in probate court.
1 Fla. Probate Code Manual (D & S) ch. 7, at 29-30 (Mar. 1990). Like Professor Smith, we do not believe that the institution of a lawsuit constitutes the filing of a statement of claim under section 733.702.
The primary purpose of section 733.702 is to promote an early determination of claims against an estate in order that the claims may be paid and the remaining assets distributed to the beneficiaries in an expeditious manner. It is important that all interested parties be able to ascertain that claims have been filed against an estate. When served with a complaint, a personal representative would know that a claim was being asserted, but other interested parties might not have such knowledge so as to be able to take the necessary steps to protect their interests. Moreover, the filing of a lawsuit without the filing of a claim thwarts the procedure prescribed by the Florida Probate Code that seeks to avoid litigation over claims whenever possible. Thus, when a statement of claim has been timely filed, the personal representative has a short period of time[3] within which to determine whether or not to accept the claim. § 733.705(2), Fla. Stat. (Supp. 1986). The claimant need only institute a lawsuit if the personal representative files a timely objection. § 733.705(3), Fla. Stat. (Supp. 1986). Even though probate proceedings have now been consolidated into circuit court, it is imperative that the probate file contain every statement of claim.
We quash the decision below and disapprove Steigman to the extent that it is inconsistent with this opinion.
It is so ordered.
McDONALD, BARKETT and HARDING, JJ., concur.
OVERTON, J., dissents with an opinion, in which SHAW, C.J. and KOGAN, J., concur.
OVERTON, Justice, dissenting.
I dissent. I find the majority's termination of the rights of the first wife and of the children of the first marriage of this decedent is contrary to justice and unnecessary to carry out the legislative intent of the nonclaim statutes.
I agree with the majority that the purpose of sections 733.212 and 733.702, Florida Statutes (1985), is to promote the early determination of claims against an estate in order that the claims may be paid and the remaining assets distributed to the beneficiaries in an expeditious manner. Section 733.212 reads, in pertinent part:
733.212 Notice of administration; filing of objections and claims. 
(1) The personal representative shall promptly publish a notice of administration and serve a copy of the notice on the surviving spouse and all beneficiaries known to the personal representative by mail in the manner provided for service of formal notice, unless served under s. 733.2123. He may similarly serve other heirs or devisees under a known prior will. The notice shall contain the name of the decedent, the file number of the *230 estate, the court in which the proceedings are pending and its address, the name and address of the personal representative, and the name and address of the personal representative's attorney and state that the publication of the notice has begun. The notice shall require all interested persons to file with the court, within 3 months of the first publication of the notice:

(a) All claims against the estate.
§ 733.212(1)(a), Fla. Stat. (1985) (emphasis added).
The pertinent provisions of section 733.702, Florida Statutes (1985), read as follows:
733.702 Limitations on presentation of claims. 
(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the personal representative, or on any beneficiary unless presented:

(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. The personal representative may settle in full any claim without the necessity of the claim being filed when the settlement has been approved by the beneficiaries adversely affected according to the priorities provided in this code and when the settlement is made within the statutory time for filing claims; or he may file a proof of claim of all claims he has paid or intends to pay.
... .
(2) No cause of action heretofore or hereafter accruing, including, but not limited to, an action founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom the claim may be made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited.
(Emphasis added.)
The decedent, William E. Spohr, and the respondent, Anna M. Spohr, entered into a divorce settlement agreement in 1953. That agreement contained a provision which stated that he would provide for the future welfare and maintenance of his first wife, Anna, and their children by preparing a will in which he would devise to them a portion of his estate amounting to not less than one-half the valuation of his entire estate. William and Anna Spohr were divorced in 1954 and the agreement, including the noted provision, was made part of the judgment of divorce entered by the circuit court of the fifteenth judicial circuit.
The probate of William Spohr's estate is in the circuit court of the fifteenth judicial circuit, and Anna Spohr's claim to enforce the provision of the prior judgment was filed as a civil suit in the same circuit court. As noted by the majority opinion, that claim was filed as a lawsuit within the three-month claim period. Section 733.212(1), Florida Statutes (1985), requires "all interested persons to file with the court, within 3 months of the first publication of the notice: (a) All claims against the estate." (Emphasis added.) Anna Spohr filed her complaint containing her claim with the circuit court of the fifteenth judicial circuit in a timely manner and in accordance with the statute. Although the claim was filed in the civil division of the circuit court rather than in the probate division, I find that this is merely a defect of form, not substance.[4]
*231 Rule 5.490 of Florida Probate Rules, which provides the form and manner of presenting a claim, states, in paragraph (e):
(e) Amending Claims. If a claim as filed is sufficient to notify interested persons of its substance but is otherwise defective as to form, the court may permit the claim to be amended at any time.

(Emphasis added.) Our rules are written to assure that justice is not defeated by technical defects of form, and this rule expressly sets forth that policy. The circuit court of the fifteenth judicial circuit has jurisdiction over both the probate of this estate and the civil action in which Anna Spohr's claim is stated. Since the court has jurisdiction over both matters, it can abate the civil action pending the presentation of the claim in the probate division.
I disagree with the majority's approval of Professor David T. Smith's commentary in a Florida Probate Code manual. I find that the filing of a civil action in the circuit court that has jurisdiction of the probate proceeding, within the statutory period permitted by section 733.702, satisfies the filing requirements of sections 733.212 and 733.702. Professor Smith's construction appears to be based on the assumption that the probate division of the circuit court is a separate court, with separate jurisdiction, rather than a court that has jurisdiction in both civil and probate proceedings.
In conclusion, Anna Spohr's complaint was filed with the circuit court of the fifteenth circuit to enforce the provisions of a judgment of that same court, and that filing, within the time period specified in section 733.702, Florida Statutes (1985), was in accordance with the provisions of section 733.702, Florida Statutes (1985). To find, under the circumstances of this case, that the decedent in this cause can intentionally violate the provisions of the divorce judgment, eliminating the entitlement of the first wife and children, and then, because of a technical mistake, allow the second wife to benefit from this error is an improper construction of the statute and an injustice in this cause.
Further, and as important, the holding by the majority is clearly contrary to the express public policy adopted by the people of this state in article V, section 2(a), of our Constitution. It states, in pertinent part, that the Court shall provide a means to "transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought." Art. V, § 2(a), Fla. Const. The people of this state, by adopting this provision, were saying, in no uncertain terms, that the courts of this state should make every effort to hear cases on the merits and not dismiss them on technicalities. The majority has chosen to find that this constitutional mandate does not apply in this circumstance. I disagree.
SHAW, C.J., and KOGAN, J., concur.
NOTES
[1] This statute of limitations has now been reduced to two years. Ch. 89-340, § 9, Laws of Fla.
[2] Even if Steigman were applicable, there is considerable doubt whether Anna Spohr and the children could take advantage of the decision. While the complaint was filed two days before the end of the nonclaim period, the summons for service on the personal representative was not issued until the last day of the period, and the record does not reflect any service upon the personal representative. However, we do not have to resolve this question because we do not accept the rationale of Steigman. The argument that the personal representative waived the defense by later waiving service of process and filing an answer is irrelevant because the lawsuit did not take the place of filing a statement of claim.
[3] On or before the expiration of four months from the first publication of notice of administration or within thirty days from the timely filing of a claim, whichever occurs later.
[4] I further note that the statute requires only that the claim be filed within three months, there being no requirement that the claim be served on interested parties within that period of time.