598 So.2d 121 (1992)
Rexwood S. THAMES, Appellant,
v.
Edward P. JACKSON, as Personal Representative of the Estate of E. Thornton Jackson, Jr., Appellee.
Nos. 90-2750, 90-3656.
District Court of Appeal of Florida, First District.
April 13, 1992.
*122 William R. Blackard, Jr., Jacksonville, for appellant.
Edward P. Jackson, Jacksonville, for appellee.
SMITH, Judge.
In this consolidated appeal, Rexwood Thames, the appellant, challenges two orders, one striking his claim against the estate of E. Thornton Jackson, Jr., and another denying his motion for an extension of time for filing a claim. We reverse.
At issue in this appeal is the continued viability of section 733.702(1)(a), Florida Statutes (1985), prescribing a time limit for filing claims against a decedent's estate, in light of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In resolving this issue, we find it necessary to examine the statutory and rule changes promulgated to satisfy the requirements of Pope, and to determine their applicability under the facts presented in the case before us.
Appellee, Edward P. Jackson, is the personal representative of E. Thornton Jackson, Jr., who died in Duval County on February 27, 1986. Appellee published notice of administration of the estate in the March 28, 1986 and April 4, 1986 editions of the Financial News and Daily Record, a Duval County publication. After several extensions, the appellee filed a notice of final accounting and petition for discharge on April 2, 1990. Before the petition for discharge was acted upon, the appellant filed, on June 21, 1990, a statement of claim against the Jackson estate for monies owed to him by the decedent from various partnership agreements. Appellee objected to the claim and moved to have it stricken as untimely filed. Thereafter, appellant filed a petition for an extension of time in which to file a claim. Appellant alleged in this motion that his business dealings with the decedent were well-known to the appellee and that appellant was not provided information regarding the opening of the estate, the appointment of appellee as personal representative, publication of the notice of the administration, or the provisions of any applicable non-claim statute. Appellant further stated in his motion for an extension of time that he was never personally provided a copy of the notice of administration. A response was filed by the appellee following which an order was entered striking appellant's claim. Appellant moved for rehearing on the authority of Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). Rehearing was denied, and the lower court also denied appellant's petition for an extension of time.
Section 733.702(1)(a), Florida Statutes (1985), provides that no claim against an estate, which arose prior to the decedent's death, is binding on the estate, on the personal representative, or on any beneficiary *123 unless presented with three months from the first publication of notice of administration. In Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla. 1986), the Florida Supreme Court held that the 1983 version of section 733.702(1)(a), which was identical to the 1985 version described above, was a statute of limitations rather than a jurisdictional statute of nonclaim. The difference between the two is that a statute of limitations bars untimely claims only when a party asserts the operation of the statute of limitations as an affirmative defense; a statute of nonclaim operates as an automatic bar to untimely claims.
The holding in Barnett Bank was consonant with the prior holdings of lesser courts, but the ratio decidendi of the case was a concern for a just result:
... as the facts of this case demonstrate, justice requires us to hold that section 733.702 is a statute of limitations. Valid grounds, such as estoppel or fraud, may exist that would or should excuse untimely claims. A creditor would lose the right to assert these potentially valid claims were we to hold that section 733.702 is a statute of nonclaim. Our holding that section 733.702 is a statute of limitations confirms the fact that estates and creditors must adhere to well-established practices when dealing with untimely claims... . This procedure guarantees that claims such as fraud and estoppel are properly adjudicated.
493 So.2d at 449.
Subsequently, this court held in In Re Estate of Parson, 570 So.2d 1125 (Fla. 1st DCA 1990), that amendments to section 733.705 revealed a legislative intent to reclassify section 733.702, Florida Statutes (Supp. 1988), as a jurisdictional statute of nonclaim; therefore, Barnett was found to be no longer controlling. In a footnote, this court cited Pope, supra, and we stated that in Pope "the [U.S.] Supreme Court held that an Oklahoma statute similar to Florida's 1987 statute was a jurisdictional statute of nonclaim, not a statute of limitations." 570 So.2d at 1126 n. 2.
Pope has significantly affected probate practice in Florida. In Pope, the United States Supreme Court construed an Oklahoma statute, found to be a nonclaim statute, which required creditors to file claims against an estate within two months of the date of the first publication of notice; publication was the only method required by the Oklahoma law to provide notice. Because implementation of the Oklahoma probate code necessitated "significant state action," 108 S.Ct. at 1345, the protections of the due process clause were implicated, and because the Oklahoma scheme did not afford known or reasonably ascertainable creditors with actual notice, due process was denied.
In the wake of Pope, Rule 5.240, Florida Probate Rules, was amended to provide that within two months after first publication of notice of administration, the personal representative shall serve a copy of the notice on all persons having claims against the estate whose name and address are known to or reasonably ascertainable by the personal representative. The amended version of the rule became effective in January 1989. The Florida Bar. In Re Rules of Probate and Guardianship Procedure, 537 So.2d 500 (Fla. 1988). Subsequently, the portions of Rule 5.240 regarding notice to known or reasonably ascertainable creditors was deleted, effective October 1, 1991, in order to make the rule consistent with amendments to sections 733.212 and 733.702, which were in turn amended to comply with the dictates of Pope. In Re Amendments to Florida Probate Rules, 584 So.2d 964, 968-9 (Fla. 1991).
Further, in the wake of Pope, Rule 5.495 was added to the Florida Probate Rules, specifying the requirements of a petition for an extension of time. It became effective on January 1, 1989. This section was added because, the committee notes explain, it was contemplated that creditors who have missed the filing deadline imposed by Florida Statute 733.702 would be filing a petition to extend the time for filing a claim under the authority of Pope; this rule provided for specificity in the factual allegations of a petition based on that case. Rule 5.495 has subsequently been *124 deleted because the right to petition for an extension of time to file a claim is now set forth in section 733.702. In Re Amendments to the Florida Probate Rules, 584 So.2d at 970.
As noted above, section 733.702, Florida Statutes (1985), provided that no claim against an estate would be binding unless presented within three months from the time of the first publication of notice or within three years after the decedent's death when no notice of administration was published. Chapter 733 required only publication notice.
Section 733.702 was subsequently amended, by Chapter 89-340, Section 5, Laws of Florida, to provide that in the instance where a creditor is required to be served with a copy of the notice of administration, a claim must be filed within 30 days after the date of service.[1] Prior to Chapter 89-340, this section provided that an extension of time to file a claim would be granted only upon grounds of fraud or estoppel.[2] Chapter 89-340 added "insufficient notice" to those exceptions. The changes brought by Chapter 89-340, Section 5 became effective on July 5, 1989.
Following Pope, the court in Public Health Trust of Dade County v. Estate of Jara, 526 So.2d 745 (Fla. 3d DCA 1988), reversed an order denying a motion for an extension of time on the authority of sections 733.212 and 733.702, Florida Statutes (1987).[3] The reviewing court found Pope factually indistinguishable and remanded the case for a determination as to whether the creditor, who was given notice only by publication, was known or readily ascertainable to the personal representative.
In In Re Estate of Barnett, 549 So.2d 1166, 1167 (Fla. 4th DCA 1989), the court observed, while construing the 1987 version of the statute, that Pope places the constitutionality of section 733.702 "in doubt." Estate of Barnett was factually distinguishable, however, from Pope and the instant case because the creditor in Estate of Barnett had been personally served with notice.
As suggested in Estate of Jara, supra, Florida probate practice, so far as it related to the sufficiency of notice to known or reasonably ascertainable creditors, was violative of due process prior to the post-Pope rule and statutory changes outlined above. The statutory scheme, prior to revision, was quite similar to the scheme found objectionable in Pope, as we indicated in In Re Estate of Parson, 570 So.2d at 1126 n. 1. The only notable difference between the Oklahoma law described in Pope and the 1985 Florida Probate Code is that Oklahoma afforded only two months *125 following the date of first publication in which creditors could file claims against an estate, whereas the Florida version provided, and still does, that creditors had a three month window to file claims following first publication. Oklahoma's smaller window is not a basis on which Pope may be legitimately distinguished because the focus of the Supreme Court's inquiry, as well as our own inquiry, is the absence of a requirement that actual notice be served on known or ascertainable creditors; the time allowed unknown creditors following publication notice is simply not the point in this case.
The argument advanced by the appellee that Pope should not be given retroactive effect is not well founded, for it incorrectly assumes that we seek to apply a new rule announced by the Supreme Court regarding the Florida Probate Code. Instead, we adopt the reasoning employed in Pope with respect to the 1985 version of section 733.702, and in so doing, we conclude that the statute violates due process and cannot, standing alone, operate as a bar to appellant's claim.
Appellant's petition for an extension of time was verified and otherwise satisfies the requirements of Rule 5.495, which was in effect at the time when appellant's claim and his petition for an extension of time were filed. While there is evidence in the record suggesting that the appellant did have knowledge of the opening of administration or that his claim has been otherwise satisfied, these are matters to be considered in evaluating the merit of appellant's petition, and it was error to strike the claim and deny the petition without an evidentiary hearing on the factual issues presented. Accordingly, we REVERSE and REMAND for further proceedings.
WIGGINTON and KAHN, JJ., concur.
NOTES
[1] Section 733.710, Florida Statutes (1987), provided in pertinent part as follows:

Limitations against unadministered estates. 
Three years after the death of a person, his estate shall not be liable in any cause of action if no letters have been issued in Florida within the 3-year period.
This statute was amended, to be effective with respect to persons dying after July 1, 1989, by Chapter 89-340, Section 9, Laws of Florida, to provide in pertinent part as follows:
Limitations on claims against estates. 
(1) Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative (if any), nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section.
(2) This section shall not apply to a creditor who has filed a claim pursuant to s. 733.702 within 2 years after the person's death, and whose claim has not been paid or otherwise disposed of pursuant to s. 733.705.
Section 733.710, as amended, does not apply in this case as the amended version became effective after the decedents death. The earlier version of section 733.710, quoted above, cannot operate as a bar to appellant's claim because, by its terms, it applied to unadministered estates. The decedent's estate in the case at bar has obviously been an administered one.
[2] It will be recalled that concern regarding fraud and estoppel was the basis for the holding in Barnett Bank, supra, that Section 733.702(1)(a) was a statute of limitations rather than a statute of nonclaim. Fraud and estoppel were made exceptions to the time requirement found in section 733.702 by Chaper 88-340, section 6, Laws of Florida, and this change was made effective with respect to persons dying after July 1, 1988.
[3] As suggested above, the 1987 version of the Florida Probate Code did not provide for actual notice to known or ascertainable creditors.