601 So.2d 570 (1992)
In re ESTATE OF Bernard L. DANESE, Deceased.
No. 91-2583.
District Court of Appeal of Florida, First District.
May 11, 1992.
Rehearing Denied August 12, 1992.
*571 Clay B. Tousey, Fisher, Tousey, Leas & Ball, and Dana G. Bradford, II and Randal H. Drew, Baumer, Bradford, Walters & Liles, Jacksonville, for appellant.
James M. McLean, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
KAHN, Judge.
The personal representatives of the estate of Bernard L. Danese and the decedent's spouse appeal an order of the circuit court, the effect of which was to reopen the estate in order to conduct further administration. Since 1984 the estate, through the personal representatives of the decedent, has been a party defendant in a civil claim pending in the circuit court. In Steigman v. Danese, 502 So.2d 463 (Fla. 1st DCA 1987), rev. denied, 511 So.2d 998 (Fla. 1987), this court ruled, inter alia, that a civil complaint naming the estate, filed and actually served upon all parties interested in the estate within three months of publication of the first notice of administration, was sufficient to satisfy the provisions of section 733.702, Florida Statutes. Unbeknownst to the successful appellants in that case, however, the probate court had entered an order closing the estate matter on January 23, 1986. The estate was briefly reopened for administration on May 22, 1989, and closed on September 21, 1989. In the order now under review, the lower court reopened the probate matter, finding that "further administration of the Estate is necessary until the disposition of the tort action against the Personal Representative." After entry of the lower court order, and during the pendency of this appeal, the Florida Supreme Court decided Spohr v. Berryman, 589 So.2d 225 (Fla. 1991), expressly disapproving this court's Steigman decision, and holding that the filing of a civil lawsuit within the nonclaim period does not constitute compliance with section 733.702.
The Spohr decision would appear to apply to the civil action against the estate. This is necessarily true, since, during the pendency of the civil action, the supreme court has specifically disapproved our prior holding in Steigman. See Maserati Automobiles, Inc. v. Caplan, 551 So.2d 501 (Fla. 3d DCA 1989).
We vacate the order and remand to the lower court for reconsideration in light of Spohr, with due regard for the current status of the civil action, which, on the state of the record before us, remains pending against the estate.[1]
BOOTH and WOLF, JJ., concur.
NOTES
[1] We decline to address appellants' argument that the trial court incorrectly reappointed the two prior personal representatives without regard to their willingness to serve. We note that the reappointed personal representatives are not required to serve as personal representatives. See § 733.502, Fla. Stat. (1989).