641 So.2d 423 (1994)
In re ESTATE OF Bernard L. DANESE, Deceased, Appellants.
No. 93-1039.
District Court of Appeal of Florida, First District.
July 29, 1994.
Rehearing Denied September 15, 1994.
*424 Dana G. Bradford, II and Rebecca Bowen Creed of Baumer, Bradford & Walters, P.A., and Clay B. Tousey, Jr. of Fisher, Tousey, Leas & Ball, Jacksonville, for appellant.
James M. McLean of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellee.
DAVIS, Judge.
Appellants, personal representatives of the estate of Bernard L. Danese and Doris B. Danese, appeal from an order granting appellees', Helene A. Steigman and Mary D. Erwin, petition for revocation of orders of discharge of personal representative in order to conduct further administration of the estate and denying appellants' motion for entry of order pursuant to the mandate of this court in In re Estate of Danese, 601 So.2d 570 (Fla. 1st DCA 1992). In denying appellants' motion for entry of order pursuant to mandate and in granting appellees' petition to reopen the estate, the probate court expressly relied on its interpretation of this court's decision in Thames v. Jackson, 598 So.2d 121 (Fla. 1st DCA 1992). Because the probate court erroneously applied the holding of Thames to the present case as its sole predicate for revoking the orders of discharge of the personal representative, we reverse.
In Thames, this court, in conformity with the holding of the United States Supreme Court in Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), held that section 733.702, Florida Statutes (1985), which provides a time limit for the filing of claims against a decedent's estate, violated due process and could not, standing alone, serve as a bar to the claims of known or reasonably ascertainable creditors.
Appellants assert that the probate court erred (1) in misconstruing this court's holding in Thames by finding that section 733.702 (1983) was unconstitutional as applied to the facts of the present case and; (2) in reopening the estate in view of appellees' failure to file a claim despite their actual knowledge of the opening of the estate at the time of its opening.
Publication of the first notice of administration of the estate of Bernard L. Danese began on November 19, 1984. On December 21, 1984, John Cattano, an attorney for appellees, filed a civil action against the estate of Bernard L. Danese. The civil action naming the estate was filed and served upon all parties interested in the estate within the three-month non-claim period. On May 15, 1985, appellees filed a notice of the civil action in the probate court. Appellees, however, failed to file a claim against the estate in the probate court within the three-month claims filing period provided by section 733.702, Florida Statutes (1983).
Prior to filing the civil action, Mr. Cattano wrote a letter to the estate's sole beneficiary, Doris B. Danese. Mr. Cattano's November 2, 1984, letter read as follows:
Re: Distribution of Real Property in Estate  Bernard Danese.
Dear Mrs. Danese: We represent Helene (McCall) Steigman regarding the distribution of your late husband's estate. Mrs. Steigman is particularly interested in the real property known as The Danese Homestead located in Mandarin. As I am sure *425 you know, this property is the subject of various and questionable conveyances over the years. At this point, we are merely attempting to ascertain the potential distribution of this property from your husband's estate so that the various Danese family members can be fully apprised.
At present, we are under the impression that no estate or any file whatsoever has been opened in the Probate Court of Duval County, Florida. We would appreciate it greatly if you could please contact me regarding this matter, or give this letter to your attorney for an appropriate informational response. I will be looking forward to hearing from you in the very near future.
Upon receipt of Mr. Cattano's letter, Clay Tousey, Jr., counsel for Florida National Bank as personal representative of the estate, telephoned Mr. Cattano to discuss the letter and wrote a letter in response to Mr. Cattano's letter. Mr. Tousey's November 15, 1984, letter read as follows:
Re: Estate of Bernard L. Danese.
Dear John: We represent the Florida National Bank, as personal representative of the above estate. We have been forwarded your letter to Mrs. Danese, dated November 2, 1984, regarding the estate. We are unaware of any right that Mrs. Steigman may claim as beneficiary or otherwise.
The probate court entered an order closing the estate on January 23, 1986. The estate was reopened upon the discovery of additional estate assets on May 22, 1989 and closed again on September 21, 1989. On December 21, 1990, 15 months after the estate was closed, appellees filed a petition to reopen the estate based on the pending civil action. The probate court entered an order reopening the estate until disposition of the civil action. In reopening the estate, the probate court relied on this court's decision in Steigman v. Danese, 502 So.2d 463 (Fla. 1st DCA 1987), rev. denied, 511 So.2d 998 (Fla. 1987). In Steigman, this court had held that the civil complaint was filed and served upon all parties interested in the estate within the three-month statutory period and, therefore, for purposes of the time constraints of section 733.702, the complaint would amount to a timely filed claim. Steigman, 502 So.2d at 470.
The estate appealed the probate court's order granting appellees' petition to reopen the estate. While the appeal was pending, the Florida Supreme Court, in Spohr v. Berryman, 589 So.2d 225 (Fla. 1991), disapproved this court's decision in Steigman to the extent that it was inconsistent with Spohr. In Spohr, the Florida Supreme Court held that the institution of a civil action does not constitute the filing of a claim under section 733.702. Spohr, 589 So.2d at 229. Thus, on the authority of Spohr, this court vacated the probate court's order reopening the estate and remanded the case to the probate court for reconsideration in light of Spohr. In re Estate of Danese, 601 So.2d 570, 571 (Fla. 1st DCA 1992).
On September 28, 1992, the estate filed a motion for entry of order pursuant to mandate requesting that the probate court apply Spohr and deny appellees' petition to reopen the estate. At the hearing on the estate's motion, appellees argued that Spohr did not require a denial of appellees' petition to reopen the estate because this court, in Thames v. Jackson, 598 So.2d 121 (Fla. 1st DCA 1992), held that section 733.702 was unconstitutional.
The probate court entered an order which granted appellees' petition to reopen the estate and denied the estate's motion for entry of order pursuant to mandate. The probate court found that, because Thames held that section 733.702 violated due process of law, section 733.702 was unconstitutional and could not operate as a bar to appellees' claim.
Appellants argue that the probate court misconstrued the holding of Thames, since section 733.702 is unconstitutional only when applied to known or reasonably ascertainable claimants. Appellants assert that appellees were conjectural or contingent claimants to which the actual notice requirements of Thames do not apply. Appellants further argue that appellees' actual knowledge of the opening of the estate satisfied the due process notice requirement of Thames.
Appellees argue that they were known or reasonably ascertainable claimants and, therefore, the probate court properly applied the holding of Thames in granting their petition *426 to reopen the estate. Appellees concede that they had actual knowledge of the opening of the estate, but argue that actual knowledge of the opening of the estate is insufficient to satisfy due process. What is required, they contend is actual notice.
Appellants rely on In re Estate of Gleason, 631 So.2d 321 (Fla. 4th DCA 1994), in support of their argument that the probate court erred in relying on Thames to reopen the estate. In Gleason, the probate court denied claimant's motion to reopen the estate of Jackie Gleason so that claimant could pursue a claim based upon ongoing six-year litigation against Gleason in the state of New York. Claimant sought to file his claim 14 months after the estate had been closed. Claimant argued that his failure to file a claim against the estate in Florida was no bar because he was a known creditor who was not given actual notice of the time in which to file claims and was thus deprived of due process under Pope. It was undisputed that the claimant was not given actual notice of the three-month period in which to file a claim.
The Fourth District in Gleason stressed that the United States Supreme Court reiterated in Pope what the Court had stated in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), which was that "whether a particular method of notice is reasonable depends on the particular circumstances." Id. The court noted that it was not persuaded that the Pope court would have been sympathetic to a claimant who took no action until 14 months after the estate was closed. Id.
Similar to the decision in Gleason, we are not persuaded that the Pope court would have been sympathetic to appellees in the present case. Although appellees had actual knowledge of the opening of the estate at the time of its opening, appellees did not file a claim in the estate. Instead, appellees filed and served a civil complaint naming the estate within the three-month non-claim period. Moreover, appellees argued the applicability of Thames only after appellants filed a motion to enforce this court's mandate in In re Estate of Danese, 601 So.2d 570 (Fla. 1st DCA 1992).
We hold that the probate court erred in interpreting Thames to permit reopening of the estate and in denying appellants' motion for entry of order pursuant to mandate. Even if appellees were known or reasonably ascertainable claimants, appellees' failure to file a claim in the probate estate at any time before the estate was closed when they had actual knowledge of the opening of the estate makes Thames inapplicable to the present case.
In Thames, a creditor who claimed to have been well-known to the estate filed an untimely claim against the estate. After the estate objected to the claim and moved to strike the claim as untimely filed, the creditor moved for an extension of time to file a claim pursuant to Florida Probate Rule 5.495.[1] The creditor alleged that despite his status as a known creditor, he was not provided a copy of the notice of administration of the estate or information regarding the estate. The probate court entered an order *427 striking the creditor's claim and denied the creditor's petition for an extension of time to file a claim.
This court adopted the reasoning employed by the United States Supreme Court in Pope and held that section 733.702, Florida Statutes (1985), violated due process and could not, standing alone, operate to bar the claim of a known or reasonably ascertainable creditor. Thames, 598 So.2d at 125. The court recognized, however, that Rule 5.495 requires that a creditor establish the absence of actual knowledge in order to file a claim that would otherwise be barred under section 733.702. The court therefore reversed and remanded for an evidentiary hearing to determine whether, on the factual issues presented, the creditor had knowledge of the opening of the estate or whether his claim had been otherwise satisfied. Id.
Although the present case does not involve a petition for extension of time for filing a claim pursuant to Florida Probate Rule 5.495, the Florida Supreme Court, in enacting Rule 5.495, and this court in Thames, implicitly recognized that actual knowledge of the information necessary to timely file a claim satisfies due process requirements. It is undisputed that appellees in the instant case had actual knowledge of the opening of the estate. Appellees, in fact, sued the estate, naming and serving the appropriate personal representative, within the three-month non-claim period prescribed by section 733.702, Florida Statutes. We, therefore, hold that the probate court erred in relying on Thames in denying appellants' motion for entry of order pursuant to mandate and in granting appellees' petition to reopen the estate.
Accordingly, we reverse and remand with instructions to the probate court to apply the decision of the Florida Supreme Court in Spohr v. Berryman, 589 So.2d 225 (Fla. 1991) and deny appellees' petition to reopen the estate, based upon their failure to file a timely claim in the estate.
SMITH and JOANOS, JJ., concur.
NOTES
[1] Florida Probate Rule 5.495, effective January 1, 1989, and promulgated in response to the United States Supreme Court's decision in Pope, provided for an extension of time in which to file a claim for a creditor who was known to the personal representative, but was not served with a copy of the notice of administration. Rule 5.495 was repealed by the Florida Supreme Court, effective October 1, 1991, in view of an amendment to section 733.702 providing for the right to petition for an extension of time to file a claim. In re Amendments to the Florida Probate Rules, 584 So.2d 964, 970 (Fla. 1991). Former Rule 5.495 provided:

Petition to extend time for filing claim. If a creditor of the estate files a petition to extend the time for filing a claim, after the time allowed by law for presenting claims, or a petition to require payment of claim, which claim was filed after the time allowed by law for presenting claims, and the petition alleges that the creditor was known to or reasonably ascertainable by the personal representative, but was not served with a copy of the notice of administration, such petition shall specifically allege facts showing that such creditor was known to or reasonably ascertainable by the personal representative. It shall also include a verified statement alleging either (i) the creditor did not have actual knowledge of those matters relating to creditors' claims required to be set forth in the notice of administration during the period allowed for filing claims against the estate, or (ii) facts sufficient to obtain relief under Florida Rule of Civil Procedure 1.540(b).