COPE, J.
The plaintiffs in a paternity action filed against A.B.C. appeal the denial of their motion to substitute the personal representative of the estate of A.B.C. as the defendant in that action. We reverse.[1]
M.R. filed the paternity action in 1994. See M.R. v. A.B.C., 683 So.2d 629 (Fla. 3d DCA 1996). In January 1997 the parties entered into a settlement agreement which included an indemnity provision. After the settlement, the trial court reserved jurisdiction to enforce its provisions. In November 1997 A.B.C. died and a Suggestion of Death was filed in the action by his counsel.
In compliance with Florida Rule of Civil Procedure 1.260, M.R. filed a timely motion to substitute the personal representative in place of A.B.C. The personal representative opposed the motion arguing that M.R. was required to file a claim in the probate division under section 733.702, Florida Statute (1997), before the substitution could occur.[2] The trial court agreed with those arguments and denied M.R.’s motion, even though the time for filing a claim in the probate division had not expired. In addition, the trial court ruled that if M.R. did comply with section 733.702 and her claim was rejected by the personal representative, M.R.’s remedy was to then file a separate action.[3]
Rule 1.260 does not require the filing of a claim in the probate division as a condition precedent to the substitution of the personal representative in place of the decedent in a pending lawsuit. No case so holds. “There are no specific requirements for the content of the motion, other than that it seek an order substituting a ‘proper’ party in place of the decedent.” Bruce J. Berman, Florida Civil Procedure (t-¶ 260.<f-4[3][a], at 268 (1998)(footnote omitted).
The purpose of substitution is to have the personal representative named as the party in the litigation so the trial court can properly proceed once the decedent has died. “When the right of action survives and the decedent is an indispensable party, the action abates until substitution is made or the action dismissed because of the failure to substitute within the specified time.” Henry P. Trawick, Traunck’s Practice and Procedure § 4-11, at 54 (1998).
The trial court relied on Spohr v. Berryman, 589 So.2d 225 (Fla.1991), and Van Sciver v. Miami Beach First National Bank, 88 So.2d 912 (Fla.1956). Both cases deal with situations in which a claimant failed to file a timely claim in the probate *120 division, and the claim period expired. That is not the situation now before us.
We are also unaware of any authority to support the trial court’s conclusion that if M.R. made a claim which was rejected by the personal representative she would then be required to commence a new action. As there was already an action in which the trial court had retained jurisdiction to enforce the settlement, there is no sound reason to require M.R. to begin a new suit.
Reversed and remanded with instructions to grant M.R.’s motion to substitute.

. We conclude that the appeal is from a final order, as it determines that the personal representative will not be a party, thereby terminating the judicial labor as to the personal representative. See Walters v. Edwards, 700 So.2d 434, 435 n. 1 (Fla. 4th DCA 1997).

. Section 733.702 stales that no claim "is binding on the estate, on the personal representative, or on any beneficiary unless filed within the later of 3 months after the time of the first publication of notice of administration or, as to any creditor required to be served with a copy of the notice of administration, 30 days after the date of service of such copy of the notice on the creditor, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise.” Id. § 733.702(1).

.After the court's denial of substitution, M.R. filed a claim in the probate division. M.R. then moved for rehearing of the order denying substitution, but rehearing was denied.