STEVENSON, J.
In this appeal, the Estate of William R. King challenges an order of the trial court refusing to allow the Estate to be substituted in place of the now-deceased former husband and requiring it to seek enforcement of the final judgment of dissolution in the probate court or, failing that, to file a new civil suit. We reverse.
William and Loyda King divorced in 2008. The terms of their marital settlement agreement, incorporated into the final judgment of dissolution, permitted the wife to remain in the former marital residence contingent upon her assuming specified financial obligations associated with the home. Approximately a year and a half after the divorce, the Estate of William King filed two motions in the divorce case: one seeking to have the court compel the wife to vacate the former marital residence, alleging she breached her financial obligations associated with the former marital residence and the home was now in foreclosure, and a second, asking the court to permit the Estate to be substituted as a party in place of the now-deceased husband. Rather than grant the Estate’s motion to be substituted as a party, the trial court dismissed the case without prejudice, directing the Estate to proceed in probate court or, if it could not proceed in probate court, to file a new civil action.
The relevant rules of court authorize the trial court to permit the substitution of a party in the event of death provided the claim is not extinguished by the death. See Fla. R. Civ. P. 1.260; Fla. Fam. L.R.P. 12.260. Florida law provides that the death of a spouse prior to the entry of final judgment of dissolution terminates the suit and requires dismissal of the divorce suit. See Marlowe v. Brown, 944 So.2d 1036, 1039-40 (Fla. 4th DCA 2006). The death of a spouse does not, however, terminate the proceeding or the court’s jurisdiction if the final judgment was entered prior to the death and the court retained jurisdiction to resolve remaining property issues. See Fernandez v. Fernandez, 648 So.2d 712, 714 (Fla.1995); Becker v. King, 307 So.2d 855 (Fla. 4th DCA 1975). The instant case is analogous to this latter circumstance, i.e., the husband died only after entry of the final judgment of dissolution and the trial court expressly retained jurisdiction to enforce the final judgment and the incorporated settlement agreement.
Although not a divorce case, M.R. v. A.B.C., 739 So.2d 118 (Fla. 3d DCA 1999), is instructive. M.R. filed a paternity suit against A.B.C. A settlement was reached and the trial court reserved jurisdiction to enforce its provisions. Thereafter, A.B.C. died and counsel filed a suggestion of death. M.R. filed a motion, pursuant to rule 1.260, to have the personal representative of A.B.C.’s estate substituted as the defendant. The trial court denied the motion, accepting the personal representative’s argument that M.R. was required to file a claim against the estate in probate *389 court and, in the event such claim was rejected, to file a separate action. The Third District reversed as “[r]ule 1.260 does not require the filing of a claim in the probate division as a condition precedent to the substitution of the personal representative in place of the decedent in a pending lawsuit” and “there is no sound reason” to require commencement of a new lawsuit where there was already an action in which the trial court had retained jurisdiction to enforce the settlement. Id. at 119-20.
Here, too, the trial court retained jurisdiction to enforce the marital settlement agreement; thus, there is no reason to require the Estate to file a new suit. Moreover, the instant case does not involve a claim against the Estate, which must be brought by the filing of a claim in the probate proceedings. See § 733.702(1), Fla. Stat. Rather, the Estate is taking action to preserve its rights to a particular set of assets predicated upon the entry of the final judgment of dissolution. Accordingly, we reverse the order appealed and remand the case for further proceedings.

Reversed and Remanded.

GROSS and TAYLOR, JJ., concur.